(May 5, 1997)

■ In the Matter of ROBERT T. JOHNSON, Petitioner, v ALEXANDER W. HUNTER, JR., as Justice of Supreme Court of Bronx County, et al., Respondents. [657 NYS2d 38] —Petition, pursuant to CPLR article 78, for a writ of prohibition annulling the order of Supreme Court, Bronx County (Alexander Hunter, J.), made on or about April 14, 1997, which granted defendant's challenge pursuant to *Batson v Kentucky* (476 US 79) and directed that four prospective jurors, previously challenged peremptorily by the People, be reseated, or, alternatively, for declaratory relief, unanimously dismissed, without costs.

This petition must be dismissed, since neither type of relief sought, prohibition or declaratory judgment, is appropriate here (*see, Matter of State of New York v King*, 36 NY2d 59, 62 [prohibition unavailable to "review an error of law in a pending criminal action, however egregious and however unreviewable"]; *Matter of Jacobs v Altman*, 69 NY2d 733, 735 [same]; *La Rocca v Lane*, 37 NY2d 575, 579, *cert denied* 424 US 968 [same]; *see also, Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 150, 152, *cert denied* 464 US 993 [declaratory relief " 'is available in cases "where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved" ' ", "action for declaratory judgment cannot seek any injunction against the individual defendant or the criminal court"]). However, since the circumstances herein are likely to recur, we take this opportunity to note that the court improperly applied the tripartite *Batson* standard to defendant's claim of pretextual peremptory strikes seeking the exclusion of African-American females from the jury. Specifically, at step three, the court must state and explicate on the record its findings as to whether the explanation offered in support of the strikes was pretextual or not (*see, People v Payne*, 88 NY2d 172, 183-184). Here, the court did not do so, nor is it apparent from the record that the reasons given by the prosecutor were indeed pretextual. After the prosecutor provided facially race-neutral explanations of the strikes, nei-

ther defense counsel nor the court specifically rebutted such contentions. Concur—Sullivan, J. P., Milonas, Nardelli and Williams, JJ.