[809 NYS2d 334]

In the Matter of SIDNEY OGLESBY, as Onondaga County Commissioner of Jurors, et al., Respondents, v LANGSTON C. McKINNEY, as Syracuse City Court Judge, et al., Appellants.

Fourth Department, February 3, 2006

## APPEARANCES OF COUNSEL

*Trevett, Lenweaver & Salzer, P.C.*, Rochester (*James C. Gocker* of counsel), and *Costello, Cooney & Fearon, PLLC*, Syracuse, for Langston C. McKinney, Syracuse City Court Judge, appellant.

*Frank H. Hiscock Legal Aid Society*, Syracuse (*Charles A. Keller, III*, of counsel), for Reginald Bradwell, appellant.

*Sidney Oglesby, Commissioner of Jurors*, respondent pro se, and *William J. Fitzpatrick, District Attorney*, Syracuse (*Victoria M. White* of counsel), respondent pro se.

*Michael Colodner*, New York City (*Shawn Kerby* of counsel), for Office of Court Administration, amicus curiae.

## OPINION OF THE COURT

Gorski, J.

In this appeal, we must determine, inter alia, whether the remedy of prohibition is available to petitioners to prevent a city court judge from requiring a county commissioner of jurors to provide a defendant in a criminal action in city court with a panel of prospective jurors comprised solely of residents of the

city rather than of the entire county. For the reasons that follow, we conclude that the remedy of prohibition is not available under those circumstances and that this CPLR article 78 proceeding should be converted, sua sponte, to a declaratory judgment action. On the merits, we conclude that Judiciary Law § 500 does not mandate that a county commissioner of jurors provide a defendant in a criminal action in city court with a panel of prospective jurors comprised solely of residents of the city. We thus conclude that the judgment should be modified accordingly.

I

The underlying facts are simply stated. Petitioner Onondaga County Commissioner of Jurors (Commissioner) provided a panel of prospective jurors for jury selection in a criminal case against respondent Reginald Bradwell that was pending in Syracuse City Court. The panel had been randomly selected from a pool of jurors comprised of eligible residents of Onondaga County. Bradwell moved pursuant to CPL 360.15 to strike the panel of prospective jurors, contending that he was entitled to a panel drawn solely from available jurors residing in the City of Syracuse. According to Bradwell, the panel of prospective jurors provided by the Commissioner did not reflect a "fair cross-section of the community" within the meaning of Judiciary Law § 500 because the City of Syracuse has a greater percentage of minority residents than Onondaga County as a whole. Bradwell thus contended that the practice of the Commissioner of providing a county-wide panel of jurors for city court cases was in violation of Judiciary Law § 500.

Respondent Langston C. McKinney, the City Court Judge assigned to Bradwell's case, agreed with Bradwell that the Commissioner's practice of selecting prospective jurors from outside the limits of the City of Syracuse for matters in Syracuse City Court was in violation of Judiciary Law § 500 and that Bradwell was prejudiced by having to select a jury based on a panel drawn from the entire county. By order dated June 8, 2004, Judge McKinney granted Bradwell's motion and ordered the Commissioner to provide a panel of prospective jurors culled solely from the City of Syracuse. Judge McKinney also expressly stated on the record on June 4, 2004 that "if anyone [in the new panel of prospective jurors] resides outside the city limits of the City of Syracuse, I will excuse that person for cause."

Petitioners, the Commissioner and the District Attorney of Onondaga County, commenced this CPLR article 78 proceeding

for a writ of prohibition, seeking to prohibit Judge McKinney from enforcing his order dated June 8, 2004. Petitioners alleged that the manner in which the Commissioner drew jury panels was not in violation of Judiciary Law § 500, that Bradwell did not demonstrate any prejudice arising from the Commissioner's random selection process of jurors, and that Judge McKinney did not in his decision find "any causal link, systematic, purposeful, or otherwise, between the random selection of prospective jurors from a County wide pool and any articu[l]able prejudice to" Bradwell. In opposition to the petition, Bradwell alleged that the extraordinary remedy of prohibition was not available here to prevent trial errors, however grievous they may be, and he alleged that Judge McKinney acted within his authority in granting his motion pursuant to CPL 360.15 (1), which provides in relevant part that a challenge to the jury panel "may be made only by the defendant and *only on the ground that there has been such a departure from the requirements of the appropriate law in the drawing or return of the panel as to result in substantial prejudice to the defendant*" (emphasis added).

Judge McKinney moved to dismiss the petition, contending, inter alia, that prohibition is not an available remedy herein.

## II

Supreme Court initially granted the petition and, by the judgment on appeal herein, the court granted Judge McKinney's motion for leave to reargue and, upon reargument, adhered to its prior decision granting the petition for a writ of prohibition. The court determined that prohibition is an appropriate remedy because there is no statutory predicate for a direct appeal of Judge McKinney's order and no adequate alternative remedy. On the merits, the court determined that Judge McKinney acted in excess of his power to hear and determine challenges to the jury panel pursuant to CPL 360.15, which power is limited to determining whether there was a departure from the requirements of the appropriate law in the drawing or return of the panel of prospective jurors. In granting the petition, the court ordered that Judge McKinney is "prohibited from requiring the [Commissioner] to deviate from his practice of randomly selecting prospective jurors from the qualified residents of the entire County of Onondaga and to return a panel of prospective jurors for that case drawn exclusively from the qualified residents of the City of Syracuse."

## III

■ We conclude that the court erred in granting a writ of prohibition. The extraordinary remedy of a writ of prohibition is available only when there is a "clear legal right" to such a remedy, "and then only when a court . . . acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352-353 [1986]; *Matter of Steingut v Gold*, 42 NY2d 311, 315 [1977]; *La Rocca v Lane*, 37 NY2d 575, 578-579 [1975], *cert denied* 424 US 968 [1976]). "The courts may not entertain a collateral proceeding to review an error of law in a pending criminal action, however egregious and however unreviewable" (*Matter of State of New York v King*, 36 NY2d 59, 62 [1975]; *see Matter of Jacobs v Altman*, 69 NY2d 733, 735 [1987]; *Matter of Gold v Gartenstein*, 54 NY2d 627, 629 [1981]; *Matter of Johnson v Hunter*, 239 AD2d 127 [1997]).

Here, Judge McKinney was required to interpret Judiciary Law § 500 in light of Bradwell's motion challenging the jury panel pursuant to CPL 360.15 (1). Bradwell challenged the panel on the ground that there was a departure from the requirements of "the appropriate law," i.e., Judiciary Law § 500, in the drawing or return of the jury panel and he contended that, as a result, his rights were prejudiced. Judiciary Law § 500 provides in relevant part that "[i]t is the policy of this state that all litigants in the courts of this state entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the county or other governmental subdivision wherein the court convenes . . . ."

Here, in granting Bradwell's motion, Judge McKinney in effect determined that Judiciary Law § 500 mandates that a county commissioner of jurors provide a defendant in a criminal action in city court with a panel of prospective jurors comprised solely of residents of the city. Judge McKinney thereby misinterpreted Judiciary Law § 500 inasmuch as the statute expressly provides that a jury shall be "selected at random from a fair cross-section of the community in the county or other governmental subdivision wherein the court convenes." We conclude herein that Judge McKinney was fully authorized to interpret the statute in light of Bradwell's challenge and that Judge McKinney's error was in misinterpreting the statute. Judge McKinney did not thereby "act either without jurisdiction or in excess of [his] authorized powers," nor did petitioners possess a

"clear legal right" entitling them to the extraordinary remedy of a writ of prohibition (*Holtzman*, 71 NY2d at 569).

We note, however, that petitioners have an adequate remedy by which to seek review of the propriety of Judge McKinney's order, i.e., an action for a declaratory judgment. Declaratory relief is not an "extraordinary remedy[, but rather,] 'is a remedy *sui generis* and escapes both the substantive objections and procedural limitations of special writs and extraordinary remedies' " (*Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 147 [1983], *cert denied* 464 US 993 [1983]). "Declaratory relief . . . generally seeks a determination of rights before a 'wrong' occurs, rather than collateral review of a court's ruling. In that context, it has been used to test penal statutes" (*id.* at 150). "Although a declaratory judgment often revolves around a particular set of facts, [t]he remedy is available in cases where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved" (*id.* [internal quotation marks omitted]).

> "Inasmuch as a defendant always has available a right to appeal, only an application for declaratory relief by the People should be entertained [, and any] concern over obstructing the speedy resolution of cases suggests that [a declaratory judgment action] is most appropriate when the challenge is to a ruling on how a trial is to be conducted" (*id.* at 152).

We conclude that this proceeding should be converted, sua sponte, to a declaratory judgment action (*see generally Matter of Morgenthau v Roberts*, 65 NY2d 749, 751 [1985]). The only issue before Supreme Court was the propriety of Judge McKinney's interpretation of Judiciary Law § 500, and "no question of fact is involved" to render declaratory relief inappropriate (*Erlbaum*, 59 NY2d at 150). The challenge to the propriety of Judge McKinney's order "is to a ruling on how [the underlying] trial is to be conducted" (*id.* at 152), and thus conversion of this proceeding to an action for a declaratory judgment is appropriate. We further conclude that the petition must be dismissed against Bradwell, the defendant in the underlying criminal action (*see Fitzpatrick v Rosenthal*, 29 AD3d 24, 32 [2006]; *see generally Erlbaum*, 59 NY2d at 152).

## IV

On the merits, we agree with Supreme Court that Judge McKinney erred in his interpretation of Judiciary Law § 500,

i.e., that section 500 mandates that a county commissioner of jurors provide a defendant in a criminal action in city court with a panel of prospective jurors comprised solely of residents of the city. As previously noted, CPL 360.15 (1) permits a challenge to a jury panel "only on the ground that there has been such a departure from the requirements of the appropriate law in the drawing or return of the panel as to result in substantial prejudice to the defendant." Bradwell contended in support of his motion pursuant to CPL 360.15 that there was a departure from the requirements of Judiciary Law § 500, and Judge McKinney agreed, writing that "[i]n the instant case this Court finds that the impanelment procedure utilized by the Commissioner . . . , insofar as it creates jury panels by selecting prospective jurors from beyond the City of Syracuse, constitutes a departure from the requirements of applicable law." That was error.

By its express terms, Judiciary Law § 500 permits, in the alternative, the random selection of jurors from "the county *or* other governmental subdivision wherein the court convenes" (emphasis added), but the statute does not mandate the selection of jurors from one jurisdiction to the exclusion of the other. Thus, it cannot be said that the Commissioner herein misinterpreted Judiciary Law § 500 in providing a county-wide panel for a city court action. Indeed, we note that Judiciary Law § 502 (d) specifies that it is the responsibility of the commissioner of jurors to "take any steps necessary to enforce the laws and rules relating to the drawing, selection, summoning and impanelling of jurors." Although a city court judge has the power to reject jury panels pursuant to CPL 360.15, the statute limits the grounds for such rejection. Because the Commissioner herein provided a panel of jurors in accordance with Judiciary Law § 500 and the only basis for Judge McKinney's rejection of the panel provided was that some of the prospective jurors resided outside the geographic limits of the City of Syracuse, we conclude that there was no valid basis for Judge McKinney's rejection of that or any other similarly drawn panel. There presently is no mandate in Judiciary Law § 500 that a county commissioner of jurors provide a defendant in a criminal action in city court with a panel of prospective jurors comprised solely of residents of the city. Legislative action would be required for the imposition of such a mandate.

## V

Accordingly, we conclude that the judgment should be modified by vacating the second through fourth decretal paragraphs, converting the CPLR article 78 proceeding to a declaratory judgment action, dismissing the petition against Bradwell and granting judgment in favor of petitioners declaring that Judiciary Law § 500 does not mandate that a county commissioner of jurors provide a defendant in a criminal action in city court with a panel of prospective jurors comprised solely of residents of the city.

HURLBUTT, J.P., SCUDDER, MARTOCHE and SMITH, JJ., concur.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the second through fourth decretal paragraphs, converting the CPLR article 78 proceeding to a declaratory judgment action, dismissing the petition against respondent Reginald Bradwell and granting judgment in favor of petitioners as follows:

> "IT IS ADJUDGED AND DECLARED that Judiciary Law § 500 does not mandate that a county commissioner of jurors provide a defendant in a criminal action in city court with a panel of prospective jurors comprised solely of residents of the city"

and as modified the judgment is affirmed without costs.