■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT PARILLA, Appellant. [821 NYS2d 599]—

Judgment, Supreme Court, Bronx County (Steven Lloyd Barrett, J.), rendered September 16, 2003, convicting defendant, upon his plea of guilty, of rape in the first degree and sodomy in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7 to 14 years, and order, same court and Justice, entered on or about February 28, 2005, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction on the grounds of ineffective assistance of counsel, unanimously affirmed.

Defendant, who made a valid waiver of his right to appeal, claims that his attorney rendered ineffective assistance by failing to move to dismiss the indictment as time-barred, and that the court improperly enhanced the sentence it promised at the time of the plea. Regardless of whether or not these claims go to the voluntariness of the plea and thus survive the appeal waiver (*see People v Denny*, 95 NY2d 921, 923 [2000]), we find both arguments to be without merit.

Defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). The record establishes that a motion to dismiss the indictment on statute of limitation grounds would have been futile. The ap-

plicable statute of limitations was tolled pursuant to CPL 30.10 (4) (a) (ii) because defendant's identity, and therefore his whereabouts, were unknown and could not be ascertained by the exercise of reasonable diligence (*see People v Seda*, 93 NY2d 307 [1999]). At the time of this 1993 crime, the victim would not view photographs or otherwise cooperate, and the police had no evidence, or means of obtaining evidence, until the advent of modern DNA technology (*see People v Grogan*, 28 AD3d 579 [2006]; *People v Harrison*, 22 AD3d 236 [2005], *lv denied* 6 NY3d 754 [2005]). The police had no additional investigative steps to take, and defendant does not suggest any on appeal.

When the court imposed a greater sentence than the 6 to 12 years previously negotiated, it provided defendant with a suitable remedy by offering him the opportunity to withdraw his plea (*see People v Schultz*, 73 NY2d 757, 758 [1988]). Defendant's remaining arguments on this issue, including his constitutional claims, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Saxe, Friedman, Catterson and McGuire, JJ.