[870 NE2d 142, 838 NYS2d 824]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT PARILLA, Appellant.

Argued May 2, 2007; decided June 12, 2007

**POINTS OF COUNSEL**

*Center for Appellate Litigation,* New York City (*Mark W. Zeno* and *Robert S. Dean* of counsel), for appellant. I. Appellant was denied his constitutional rights to the effective assistance of counsel by his attorney's inexcusable refusal to move to dismiss the indictment on statute of limitations grounds, where the indictment was filed nearly five years after the five-year statute of limitations expired, and the record demonstrated that the statute would not have been tolled because the prosecution closed the investigation days after the incident, and therefore had not exercised reasonably diligent efforts to locate appellant. (*People v Turner,* 5 NY3d 476; *Hill v Lockhart,* 474 US 52; *United States v Hansel,* 70 F3d 6; *Strickland v Washington,* 466 US 668; *People v Baldi,* 54 NY2d 137; *People v McDonald,* 1 NY3d 109; *People v Gruden,* 42 NY2d 214; *Toussie v United States,* 397 US 112; *People v Seda,* 170 Misc 2d 697, 246 AD2d 675, 93 NY2d 307.) II. The court denied appellant due process by refusing to honor its original 6-to-12-year sentence promise, vindictively substituting a 7-to-14-year sentence, solely because appellant questioned his status as a second felony offender. (*People v Selikoff,* 35 NY2d 227; *People v Young,* 94 NY2d 171; *North Carolina v Pearce,* 395 US 711; *People v Van Pelt,* 76 NY2d 156; *People v Taylor,* 65 NY2d 1; *Blackledge v Allison,* 431 US 63; *Santobello v New York,* 404 US 257; *People v Hicks,* 98 NY2d 185; *People v Young,* 94 NY2d 171; *Bordenkircher v Hayes,* 434 US 357.)

*Robert T. Johnson, District Attorney,* Bronx (*Yael V. Levy,*

*Joseph N. Ferdenzi* and *Stanley R. Kaplan* of counsel), for respondent. I. Counsel was not ineffective solely for declining to move to dismiss the indictment on statute of limitations grounds, where filing such a motion would have been futile, and counsel secured defendant a very favorable plea disposition. (*People v Caban,* 5 NY3d 143; *People v Stultz,* 2 NY3d 277; *People v Turner,* 5 NY3d 476; *People v Baldi,* 54 NY2d 137; *People v Benevento,* 91 NY2d 708; *Strickland v Washington,* 466 US 668; *Hill v Lockhart,* 474 US 52; *People v Paulin,* 25 NY2d 445; *People v Glover,* 87 NY2d 838; *People v Baumann & Sons Buses, Inc.,* 6 NY3d 404.) II. Defendant was legally sentenced to an agreed-upon 7-to-14-year prison term and waived his right to claim otherwise on appeal. (*People v McConnell,* 49 NY2d 340; *People v Danny G.,* 61 NY2d 169; *People v Hicks,* 98 NY2d 185; *People v Selikoff,* 35 NY2d 227; *North Carolina v Pearce,* 395 US 711; *Williams v New York,* 337 US 241; *People v Herber,* 24 AD3d 1317, 6 NY3d 814; *People v Rogers,* 81 AD2d 564, 56 NY2d 552; *People v Young,* 94 NY2d 171; *People v Van Pelt,* 76 NY2d 156.)

## OPINION OF THE COURT

Jones, J.

The issue in this appeal is whether defendant was denied effective assistance of counsel when his attorney failed to file a motion to dismiss the indictment on statute of limitations grounds (*see* CPL 30.10). We conclude that defendant waived review of the statute of limitations issue when he entered his guilty plea.

In 1996, while in prison serving a 7½ to 15 year sentence on charges unrelated to the matter at bar, defendant produced a blood sample pursuant to Executive Law § 995-c for inclusion in the DNA data bank. In 2003, this sample linked him to a sexual assault, involving two victims, that had occurred on August 29, 1993. On or about March 19, 2003, defendant was charged with one count of first degree rape and one count of first degree sodomy.

The 1993 incident had been reported to the police and a semen sample was collected from the rape victim and preserved in a sexual assault evidence kit. The police report described the perpetrator, his clothing and his automobile. According to a complaint follow-up form dated September 4, 1993, the mother of the rape victim stated that her daughter had been sent to stay with family members in Massachusetts and that she wanted to drop the complaint. On or about September 13, 1993, the

case was closed as "[u]nfounded" for the foregoing reasons, and also allegedly because no medical evidence supporting the allegations existed, the rape victim refused to view photographs, and after the complaint was filed, there was no contact between the police and the rape victim. The police records do not indicate whether the police attempted to contact the sodomy victim.

Defendant filed a pro se motion to dismiss the indictment on statute of limitations grounds (*see* CPL 30.10). However, Supreme Court refused to entertain the motion because defendant was represented by counsel. The court warned defense counsel "not to advance frivolous motions." According to defendant, his counsel said she would adopt his pro se motion, but in an off-the-record discussion the court indicated that a CPL 30.10 motion would be denied. On the record, the court further indicated that counsel should consider the tolling provisions of CPL 30.10 (4) (a) (ii). Ultimately, defendant's attorney did not file the motion.

Subsequently, defendant pleaded guilty to one count of first degree rape and one count of first degree sodomy in satisfaction of the indictment. As part of the plea agreement, defendant waived his right to appeal. Prior to the plea allocution, there was an extensive colloquy between the court and defendant concerning whether defendant would be credited for the time he had been incarcerated on his prior conviction. Defendant asked if the sentence would be "nunc pro tunc." The court advised defendant, "I can't credit you for time you never served by calling it nunc pro tunc." There was discussion about defendant's maximum expiration date on the case as well as the maximum expiration date on his prior conviction. After the discussion of his maximum expiration and conditional release dates, the court indicated that it would impose a sentence of 6 to 12 years on each count, as a predicate felon, to run concurrently with his previous conviction. During the plea allocution, the court explained defendant's right to trial by jury and his right to appeal, which he said he understood he was waiving by his guilty plea. In response to defendant's query regarding whether he would also be waiving any constitutional claims, the court responded in the following colloquy:

> "THE COURT: You waived all your constitutional rights to trial.
>
> "THE DEFENDANT: But fundamental constitutional rights you can't waive.

"THE COURT: What right would that be? . . .

"What would you want to do on appeal in this case? . . . There [are] no hearings and no rulings made on applications you made of a constitutional nature. What exactly are the rights you want to preserve?"

Defendant then asked the court about his exception to a ruling on the DNA evidence.

"THE COURT: That would be waived.

"THE DEFENDANT: That would be waived, the Fourth Amendment right?

"THE COURT: Absolutely.

"THE DEFENDANT: All right. I thought that you could only waive the statutory rights, not the constitutional rights.

"THE COURT: You can waive a constitutional right. It has to be entered in a free and knowing manner. I'm not forcing you to do it. I'm telling you this is an agreement. I know that you're not happy.

"THE DEFENDANT: It's part of the agreement. I'm going to have to take it."

On two occasions after defendant accepted the plea, he objected to the particular felony conviction presented as the "predicate" felony for sentencing. Finally, at sentencing, Supreme Court informed defendant that upon reading the probation report, it could no longer give him the promised sentence of 6 to 12 years and that defendant would be sentenced to 7 to 14 years. The court advised defendant that he could withdraw the plea and proceed to trial if he did not want to accept that sentence. Defendant declined to withdraw his plea, agreed to accept the sentence and was sentenced accordingly on September 16, 2003.

One day after sentencing, defendant moved to vacate the judgment pursuant to CPL 440.10, claiming (1) he was denied effective assistance of counsel because his lawyer did not move to dismiss the indictment on statute of limitations grounds, (2) the court improperly enhanced his sentence when it reneged on the promised sentence of 6 to 12 years and (3) the State unconstitutionally obtained his blood sample.

Supreme Court denied defendant's motion, holding that his "plea of guilty operated as a waiver of his claimed statutory

right to dismissal of the indictment under CPL § 30.10." In a footnote, the court stated that "[w]hile not being dispositive, . . . even if addressed on its merits, defendant's motion would be denied." The Appellate Division unanimously affirmed the judgment of conviction and the order denying defendant's CPL 440.10 motion to vacate (33 AD3d 363 [2006]). A Judge of this Court granted defendant leave to appeal, and we now affirm.

■ We agree with Supreme Court that defendant waived the statute of limitations defense by pleading guilty. In *People v Hansen* (95 NY2d 227 [2000]), we explained that "[a] plea of guilty . . . marks the end of a criminal case, not a gateway to further litigation" (*id.* at 230, citing *People v Taylor*, 65 NY2d 1, 5 [1985]). Generally, a defendant who admits guilt in open court "may not later seek review of claims relating to the deprivation of rights that took place before the plea was entered" (*id.*, citing *People v Di Raffaele*, 55 NY2d 234, 240 [1982]). Thus, under a guilty plea, a defendant waives specific rights attached to trial and forfeits "the right to revive certain claims made prior to the plea" (*id.*).

Although a guilty plea does not extinguish every claim on appeal, only a limited number of claims survive a valid waiver. These are either jurisdictional matters, such as an insufficient accusatory instrument, or rights of a constitutional dimension that "go to the very heart of the process (such as the constitutional speedy trial right, the protection against double jeopardy or a defendant's competency to stand trial)" (*id.*). Certain claims are simply foreclosed by a guilty plea (*see e.g. Di Raffaele*, 55 NY2d 234 [1982] [preindictment prosecutorial misconduct]; *People v Rodriguez*, 55 NY2d 776 [1981] [selective prosecution]; *Taylor*, 65 NY2d 1 [1985] [failure to provide CPL 710.30 notice]; *People v Friscia*, 51 NY2d 845 [1980] [speedy trial]).

The statute of limitations under CPL 30.10 is not a jurisdictional matter, nor is it a right of constitutional dimension like the aforementioned rights that survive a guilty plea. Clearly, the right to assert this defense can be waived (*see People v Mills*, 1 NY3d 269 [2003]). By pleading guilty, defendant waived the defense.

■ Defendant attempts to sidestep the consequences of his plea by claiming ineffective assistance of counsel. Under the circumstances of this case, were we to consider defendant's statute of limitations claim on the merits, we would be reviewing the very argument that defendant waived when he pleaded guilty

and waived his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006] [holding that a defendant's valid waiver of the right to appeal includes the waiver of the right to invoke the Appellate Division's interest of justice jurisdiction to reduce the sentence]).[1] In any event, in light of Supreme Court's indication that it would deny defendant's CPL 30.10 motion, it was understandable that defense counsel would not make the motion. Instead counsel secured a favorable plea agreement that produced a considerably lower sentence than the maximum prison term defendant faced.[2]

Moreover, this is not a case where the alleged ineffectiveness of counsel goes to the voluntariness of defendant's plea and waiver of appeal. To the contrary, the record establishes that defendant's plea was intelligent, voluntary and knowing. Before he pleaded guilty, defendant was aware of the potential statute of limitations defense and the possible application of the CPL 30.10 (4) (a) (ii) tolling provision. After having an opportunity to weigh his options, defendant chose not to assert the defense, declined his right to a jury trial and waived his right to raise the limitations argument on appeal.

Finally, defendant's claim that a vindictive sentence was imposed is without merit.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed.

---

1. In support of his argument, defendant, who was indicted less than 10 years after the instant crime was committed, relies on *People v Turner* (5 NY3d 476 [2005]). However, unlike *Turner* (at 481), the statute of limitations argument underlying defendant's claim of ineffective assistance of counsel is not a "winning argument" because the five-year limitations period, as extended by the maximum tolling period (five additional years) under CPL 30.10 (4) (a) (ii), had not expired.

2. As we held in *People v Satterfield* (66 NY2d 796 [1985]), "[i]t is not for this court to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (*id.* at 799-800).