■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RAMOS, Appellant. [843 NYS2d 274]—

Judgments, Supreme Court, New York County (Micki A. Scherer, J.), rendered May 20, 2004, convicting defendant, upon his pleas of guilty, of two counts of burglary in the first degree and two counts of attempted rape in the first degree, and sentencing him to an aggregate term of 20 years, unanimously affirmed.

Defendant's detailed written waiver of his right to appeal, which he acknowledged having reviewed and understood, precludes review of his excessive sentence claim (*see People v Ramos*, 7 NY3d 737 [2006]), and we have considered and rejected defendant's arguments to the contrary. Were we to find that defendant did not make a valid waiver, we would find no basis for reducing the sentence. Furthermore, although defendant claims his attorney provided ineffective assistance at sentencing by resting upon the negotiated plea and failing to argue for even greater leniency, "this is not a case where the alleged ineffectiveness of counsel goes to the voluntariness of defendant's plea and waiver of appeal" (*People v Parilla*, 8 NY3d 654, 660 [2007]). In any event, defendant's ineffective assistance argument is unreviewable on direct appeal because it involves matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards. Concur—Lippman, P.J., Andrias, Marlow, Buckley and Catterson, JJ.