**Scott PARILLA, Petitioner,**

v.

**P. BERLE, Superintendent, Greene Correctional Facility, Respondent.**

**No. 08 Civ. 2547 (VM).**

United States District Court,
S.D. New York.

Jan. 6, 2010.

Penal Law § 130.35(1), and one count of sodomy in the first degree, in violation of former New York Penal Law § 130.50(1). On September 16, 2003, the Trial Court sentenced Parilla to two indeterminate terms of 7 to 14 years, to run concurrently with each other and also with the remainder of a 7 1/2–to–15–year term Parilla was serving for a previous conviction. In his petition, Parilla asserts that (1) he was denied his right to effective assistance of counsel by his attorney's refusal to move to dismiss the underlying indictment on statute of limitations grounds; and (2) the Trial Court denied him due process by imposing a sentence greater than the 6–to–12–year sentence reflected in his original plea deal. For the reasons set forth below, Parilla's petition is DENIED.

## I. BACKGROUND [1]

### A. FACTS

On June 11, 1996, Parilla pleaded guilty to attempted murder in the second degree and the Trial Court sentenced him to an indeterminate term of 7 1/2 to 15 years incarceration. Following his conviction, a DNA sample was taken from Parilla for inclusion in the state DNA databank pursuant to New York State Executive Law § 995–c. On December 16, 2002, a DNA databank search by the New York State Forensic Investigation Center revealed a match between Parilla's sample and a semen sample from a 1993 sexual assault evidence kit. The match linked him to the August 29, 1993 sexual assaults of two teenage girls in Bronx County. On March 19, 2003, Parilla was charged with one

Scott Parrilla, Coxsackie, NY, pro se.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se petitioner Scott Parilla ("Parilla") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against respondent P. Berle, Superintendent of New York State's Greene Correctional Facility ("Respondent"). Parilla pleaded guilty in New York State Supreme Court, Bronx County (the "Trial Court"), to one count of rape in the first degree, in violation of New York

1. The factual summary below is derived from the parties' submissions and The exhibits attached thereto, including: Parilla's Habeas Corpus Petition, dated February 20, 2008; and Respondent's Affidavit in Opposition to the Petition for a Writ of Habeas Corpus, dated May 13, 2008 ("Resp.'s Opp."). Except where specifically quoted, no further reference to these documents will be made.

count of rape in the first degree and two counts of sodomy in the first degree.

## B. *PROCEDURAL HISTORY*

### 1. *Trial Court*

At a conference on June 11, 2003, the prosecutor informed the Trial Court that Parilla had moved pro se to dismiss the indictment on statute of limitations grounds. The Trial Court refused to consider the motion because Parilla was represented by counsel. In an off-the-record discussion, the Trial Court indicated that it would deny such motion if it were to be adopted by defense counsel.

On June 25, 2003, the prosecution offered Parilla a plea deal in which Parilla would be recommended for a 7 1/2–to–15–year sentence on one count of rape and 7 1/2–to–14–year sentence on one count of sodomy, to run concurrently with each other and the sentence from his previous conviction. This recommendation reflected Parilla's status as a second felony offender under New York law. Parilla expressed interest in the agreement, but requested that the time he had been serving for the attempted murder conviction be credited towards the new sentence. The Trial Court denied Parilla's request, but the prosecutor agreed to offer a reduced sentence of concurrent 6–to–12–year terms. Parilla agreed to this disposition. At that point, Parilla waived his rights to trial and appeal, and allocuted to one count of rape in the first degree and one count of sodomy in the first degree.

Following Parilla's factual allocution and applicable waivers, the Trial Court began to arraign him as a second felony offender pursuant to Parilla's plea bargain. Parilla, through his counsel, questioned the constitutionality of the underlying conviction that would be the basis for his status as a second felony offender. The Trial Court adjourned the arraignment.

On the adjourned date the prosecution presented a different underlying felony, but Parilla objected to that offense as well. The Trial Court found that Parilla was acting in an "obstructionist manner … by failing to cooperate." (Resp.'s Opp. Ex. 12 at A79:11–13.) The Trial Court again adjourned the matter. After considering the presentence investigation report and the facts of the case, the Trial Court held that a 6–to–12–year sentence as agreed upon between the prosecution and Parilla was not an appropriate sentence.

Given that Parilla's decision to plead guilty was based on the expectation of a 6–to–12–year sentence, the Trial Court gave Parilla the option to withdraw his guilty plea. Parilla declined, and on September 16, 2003, the Trial Court sentenced Parilla to two terms of 7 to 14 years to be served concurrently with each other and with the sentence for the attempted murder conviction.

### 2. *Motion to Vacate Conviction*

By pro se motion dated September 17, 2003, Parilla moved to vacate his conviction on the grounds that he had been deprived his right to the effective assistance of counsel. Parilla claimed that defense counsel had refused Parilla's request to move to dismiss the indictment as violating the applicable statute of limitations. Parilla argued that in order to toll the statute of limitations, authorities must use reasonable diligence in attempting to locate the perpetrator, and that authorities had failed to exercise reasonable diligence in his case. Thus, Parilla contended that the statute of limitations barred his prosecution.

Parilla filed a petition dated July 14, 2004 pursuant to Article 78 of the New York Civil Practice Law and Rules with the Appellate Division, First Department

("Appellate Division"), asking that the Trial Court be ordered to render a decision on Parilla's motion to vacate. In an order dated November 9, 2004, the Appellate Division denied Parilla's Article 78 Petition.

By order issued February 28, 2005,[2] the Trial Court denied Parilla's motion to vacate. The Trial Court held that Parilla waived the statute of limitations claim when he pleaded guilty. In a footnote, the Trial Court added that it would have denied Parilla's motion even if it were able to consider his claim on the merits.

### 3. *Appeals*

On July 28, 2005, the Appellate Division granted Parilla permission to appeal the order denying his motion to vacate and consolidating that appeal with his direct appeal. On appeal Parilla argued that (1) defense counsel's refusal to move to dismiss the indictment as time-barred deprived him of his constitutional right to the effective assistance of counsel; and (2) the Trial Court denied Parilla due process by refusing to honor the prosecution's original 6–to–12–year sentence agreement. The Appellate Division affirmed both the conviction and the order denying the motion to vacate. *See New York v. Parilla,* 33 A.D.3d 363, 821 N.Y.S.2d 599 (1st Dep't 2006).

On appeal to the New York State Court of Appeals ("State Court of Appeals"), Parilla raised identical claims. By order dated June 12, 2007, the State Court of Appeals affirmed the order of the Appellate Division. *See New York v. Parilla,* 8 N.Y.3d 654, 838 N.Y.S.2d 824, 870 N.E.2d 142 (2007). On March 18, 2008, Parilla filed the instant petition seeking a writ of habeas corpus.

## II. *DISCUSSION*

### A. *LEGAL STANDARDS FOR HABEAS RELIEF*

As an initial matter, the Court is mindful that Parilla is proceeding pro se, and that his submissions should thus be held to " 'less stringent standards than formal pleadings drafted by lawyers.' " *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993) (*quoting Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). When a plaintiff brings a case pro se, the Court must construe his pleadings liberally and interpret them "to raise the strongest arguments that they suggest." *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996) (internal quotation marks omitted). Still, pro se status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law.' " *Boddie v. New York State Div. of Parole,* 285 F.Supp.2d 421, 426 (S.D.N.Y. 2003) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983)).

A petitioner in custody pursuant to a judgment of a state trial court is entitled to habeas relief only if he can show that his detention violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to the various subsections of § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, this Court's review is limited by certain restrictions on the nature and extent of review that a federal court may conduct in considering a habeas petition. Under § 2254, if a state court adjudicates a petitioner's federal claim on the merits, a federal court on habeas corpus review must defer to the state court's determination of that claim unless such adjudication resulted in a decision that was either "contrary to, or involved an unrea-

---

**2.** The order was erroneously dated February 28, 2004.

sonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

■ A state court adjudicates a petitioner's federal claim "on the merits," and thus triggers the AEDPA standard of review, when it: (1) disposes of the claim on the merits; and (2) reduces its disposition to judgment. *See Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir.2001). The state court need not explicitly refer to either the particular federal claim or to any federal case law. *See id.* The only requirement is that the claim be finally resolved, with res judicata effect, on substantive rather than procedural grounds. *See id.* at 311.

■ If the state court's adjudication of a petitioner's federal claim is not based on the merits—for example, when the decision rests solely on procedural grounds— the state court's decision on that claim is entitled to no deference. Instead, the federal court must apply a pre-AEDPA de novo review to the state court's disposition of the federal claim. *See Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir.2003).

## B. *TIMELINESS*

■ The State Court of Appeals affirmed Parilla's judgment on July 12, 2007. The limitation period began ninety days later on October 10, 2007, the date Parilla's time expired to seek a writ of certiorari to the Supreme Court challenging the ruling of the highest state court affirming his conviction. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.2001). The Court finds, and Respondent has not disputed, that because Parilla filed his habeas petition on March 18, 2008, within the one-year limitation period, his petition is timely filed.

## C. *EXHAUSTION*

■ Before seeking federal relief a petitioner must exhaust all available state court remedies. *See* 28 U.S.C. § 2254(b)-(c). This standard generally requires that the petitioner "fairly present[ ]" his claims to the highest available state court, "set[ting] forth in state court all of the essential factual allegations asserted in his federal petition." *Daye v. Attorney Gen.*, 696 F.2d 186, 191 (2d Cir.1982) (internal citations omitted).

■ Here, Parilla raised claims to both the Appellate Division and the State Court of Appeals that (1) he was denied his right to effective assistance of counsel by his attorney's failure to move to dismiss the indictment on statute of limitations grounds; and (2) the Trial Court denied him his right to due process by refusing to honor Parilla's original plea deal. Parilla put forth these claims "in terms so particular as to call to mind a specific right protected by the Constitution." *Id.* at 194. Thus, Parilla sufficiently raised his habeas claim on direct appeal to the state appellate court. *See Gonzalez v. Sullivan*, 934 F.2d 419, 423 (2d Cir.1991). Accordingly, the Court finds that Parilla exhausted his state court remedies for the purposes of his habeas petition.

## D. *PARILLA'S CLAIMS*

### 1. *Ineffective Assistance of Counsel*

■ Parilla argues that he was denied effective assistance of counsel when his attorney failed to file a motion to dismiss the indictment on statute of limitations grounds. To prove ineffective assistance of counsel, a petitioner must show: (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness measured by prevailing professional norms; and (2) a reasonable

probability existed that, but for counsel's deficient performance, the outcome would have been different or that the defect in counsel's performance deprived the defendant of an outcome whose result is reliable. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner does not establish ineffective assistance where his attorney fails to advance a meritless claim. *See United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir.1995).

Noting that the motion to dismiss would have been futile, the Appellate Division held that Parilla "received effective assistance under the state and federal standards." *Parilla*, 821 N.Y.S.2d at 600. Similarly, in affirming the Appellate Division, the State Court of Appeals stated that "in light of the Supreme Court's indication that it would deny defendant's ... motion, it was understandable that defense counsel would not make the motion. Instead counsel secured a favorable plea agreement that produced a considerably lower sentence than the maximum prison term defendant faced." *Parilla*, 838 N.Y.S.2d 824, 870 N.E.2d at 145. The State Court of Appeals held that, as a matter of state law, the statute of limitations claim was not a " 'winning argument' because the five-year limitations period, as extended by the maximum tolling period ... had not expired." *Id.*, 838 N.Y.S.2d 824, 870 N.E.2d at 145 n. 2 (citation omitted). As such, the Court finds that the state courts reasonably applied the *Strickland* standard. Accordingly, Parilla's petition for relief is denied on this claim.

### 2. *Due Process*

Parilla argues that his due process rights were violated when the Trial Court imposed a greater sentence than was agreed upon in the original plea deal. The State Court of Appeals denied this argument on appeal, holding that "defendant's claim that a vindictive sentence was imposed is without merit." *Id.*, 838 N.Y.S.2d 824, 870 N.E.2d at 146. The Court finds that Parilla cannot establish that the State Court of Appeals's decision was contrary to, or an unreasonable application of, clearly established federal law.

The Court finds that though the Supreme Court has addressed vindictive sentencing, it has not ruled on facts materially indistinguishable from those presented here. *See, e.g., Texas v. McCullough*, 475 U.S. 134, 142–43, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986) (discussing higher sentences imposed following appeal and retrial). Nor does the State Court of Appeals reach a conclusion opposite to the Supreme Court on a question of law. Thus, Parilla cannot establish that the decision was contrary to clearly established law. *See Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Also, given that there is no Supreme Court law on point, Parilla cannot prove that the decision of the State Court of Appeals reflected an unreasonable application of that law. *See Hines v. Miller*, 318 F.3d 157, 164 (2d Cir.2003). Parilla points to Supreme Court case law that prohibits trial courts from punishing a person for "doing what the law allows him to do." *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Bordenkircher, however, also instructs that "in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Id.* Here, the Trial Court gave Parilla the opportunity to reject the offer. Considering the Trial Court's wide sentencing discretion, its stated justifications for Parilla's sentence, and that Parilla entered into the plea knowingly and voluntarily, the Court cannot find the State Court of Appeals's

decision to be unreasonable. Accordingly, Parilla's petition for relief is denied on this claim.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the petition of Petitioner Scott Parilla ("Parilla") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

■ As Parilla has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 111–13 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**