The People of the State of New York, Respondent,
against
Dara A. Ricchiuti, Appellant.




Suffolk County Legal Aid Society (Felice B. Milani, Esq.), for appellant.
District Attorney Suffolk County (Glenn Green of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Karen M. Wilutis, J.), rendered September 15, 2015. The judgment convicted defendant, upon her plea of guilty, of driving while ability impaired. The appeal from the judgment of conviction brings up for review an order of the same court dated May 20, 2015, following a hearing, denying the branch of a pretrial motion by defendant seeking to suppress the evidence of her refusal to submit to a chemical test.




ORDERED that the judgment of conviction is affirmed.
On October 20, 2013, defendant was charged with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). By order dated May 20, 2015, following a hearing, the District Court found that defendant's refusal to submit to a chemical test was admissible as evidence at trial. Thereafter, defendant pleaded guilty to the reduced charge of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and was sentenced to a conditional discharge and a $500 fine, and a $255 mandatory surcharge was imposed. 
On appeal, defendant contends that, at the hearing, the District Court, improperly limited her cross-examination of the police officer; that evidence of her refusal to submit to a chemical [*2]test should have been suppressed; and that, in the interest of justice, the mandatory surcharge and fine should be vacated because she is indigent.
The existence of a guilty plea that is valid on its face bars review of all but a limited number of claims that survive such a plea (see People v Parilla, 8 NY3d 654, 659 [2007]). Appellate review of an order denying a defendant's motion to suppress evidence of a refusal to submit to a chemical test to determine the alcohol content of the defendant's blood is forfeited by a guilty plea (see People v Sircio, 135 AD3d 19 [2015]).
Defendant's claim that the mandatory surcharge should be waived is not preserved for appellate review (see People v Kamal, 144 AD3d 1055 [2016]; People v Norelius, 140 AD3d 799 [2016], and, in any event, the claim is without merit because judicial waiver of the surcharge is prohibited (see CPL 420.35 [2] ["Under no circumstances shall the mandatory surcharge . . . be waived" (with exceptions not applicable here)]; see also People v Jones, 26 NY3d 730, 735 [2016] ["the Legislature could not be clearer in communicating its intent to restrain the judiciary from discharging a person's obligation to pay the (surcharge)"]; People v Singleton, 138 AD3d 571, 572 [2016] ["The sentencing court . . . had no discretion to waive or defer defendant's mandatory surcharge"]). In regard to defendant's argument that her fine should be waived because she is indigent, it is noted that "where the defendant is unable to pay a fine, restitution or reparation imposed by the court, [the defendant] may at any time apply to the court for resentence" (CPL 420.10 [5]). Consequently, defendant, if she be so advised, may move before the District Court for such relief.
Accordingly, the judgment of conviction is affirmed.
Marano, P.J., and Iannacci, JJ., concur.
Garguilo, J., taking no part.
Decision Date: May 23, 2017