■ In the Matter of DARREN E. THOMAS, Appellant, v TOWN OF OYSTER BAY et al., Respondents, et al., Respondent. [59 NYS3d 416]—

In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from proceeding with an underlying criminal action entitled *People v Thomas*, pending in the District Court, Nassau County, under index No. 22/09, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Woodard, J.), dated August 25, 2014, which granted that branch of the motion of the respondents Town of Oyster Bay and John Venditto which was pursuant to CPLR 3211 (a) to dismiss the petition as procedurally barred, and denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petitioner was charged in the District Court, Nassau County, with maintaining a two-family residence in violation of certain provisions of the Code of the Town Oyster Bay. The District Court denied the petitioner's motion to dismiss the accusatory instrument, inter alia, on the ground of racially-based selective prosecution. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from proceeding with the criminal action pending in the District Court. The Supreme Court granted that branch of the motion of the respondents Town of Oyster Bay and John Venditto (hereinafter together the Town respondents) which was pursuant to CPLR 3211 (a) to dismiss the petition as procedurally barred, and denied the petition and dismissed the proceeding. The petitioner appeals.

Unless "otherwise provided by law," CPLR article 78 expressly prohibits the review of a determination "which was made in a civil action or criminal matter" (CPLR 7801). As an exception to this rule, relief in the nature of prohibition serves to restrain judicial or quasi-judicial officers from "proceeding or threatening to proceed without or in excess of its jurisdiction and then only when the clear legal right to relief appears and, in the court's discretion, the remedy is warranted" (*Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786 [1993] [internal quotation marks and ellipsis omitted]; *see* CPLR 7803 [2]).

Here, the Town respondents do not dispute that they acted as judicial or quasi-judicial officers in prosecuting the petitioner before the District Court. They contend, however, that the petitioner's allegations of selective prosecution, even if true, do not establish that the Town respondents acted "without or in excess of jurisdiction" within the meaning of CPLR 7803 (2). We agree.

While allegations of selective prosecution implicate basic constitutional rights, that alone does not guarantee that prohibition is available, "for not all constitutional claims are cognizable by way of prohibition" (*Matter of Rush v Mordue*, 68 NY2d 348, 354 [1986]). Indeed, for prohibition to lie, the constitutional error complained of must be of such nature "as to implicate the legality of the entire proceeding" (*Matter of Rush v Mordue*, 68 NY2d at 353), so that even though the act complained of was not made without jurisdiction, it can be said to have exceeded the powers and authority of the person making it (*see Matter of Hogan v Court of Gen. Sessions of County of N.Y.*, 296 NY 1, 8 [1946]; *Appo v People*, 20 NY 531, 541 [1860]).

In the criminal context, the determination whether a constitutional error is so fundamental as to "implicate the legality of the entire proceeding" (*Matter of Rush v Mordue*, 68 NY2d at 353) is very similar to, although not coterminous with, the question of whether a constitutional error goes "to the very heart" of the criminal justice process, so as to survive a plea of guilty (*People v Parilla*, 8 NY3d 654, 659 [2007]; *see People v Hansen*, 95 NY2d 227, 230-231 [2000]). For example, in *Matter of Plummer v Rothwax* (63 NY2d 243, 249 n 4 [1984]) the Court of Appeals noted that prohibition was available to vindicate the constitutional proscription against double jeopardy, and in *Menna v New York* (423 US 61 [1975]) the United States Supreme Court held that a constitutional double jeopardy claim survives a plea of guilty. By contrast, in *Matter of Johnson v Hunter* (239 AD2d 127 [1997]) the Appellate Division, First Department, held that prohibition was not available to correct a *Batson* error (*see Batson v Kentucky*, 476 US 79 [1986]), and in *People v Green* (75 NY2d 902 [1990]) the Court of Appeals held that a *Batson* error does not survive a plea of guilty. Moreover, the class of constitutional errors potentially giving rise to prohibition is narrower than the class of constitutional errors that survive a plea of guilty. In *People v Blakley* (34 NY2d 311, 314 [1974]) the Court of Appeals held that a constitutional speedy trial claim survives a plea of guilty, while in *Matter of Rush v Mordue*, the Court stated that prohibition does not lie where the claim is that the right to a speedy trial has been denied (*see Matter of Rush v Mordue*, 68 NY2d at 354).

The Court of Appeals has held that a claim of selective prosecution does not survive the entry of a plea of guilty (*see People v Parilla*, 8 NY3d at 659; *People v Rodriguez*, 55 NY2d 776 [1981]). This indicates that such a claim neither relates to a jurisdictional matter nor concerns rights of a constitutional dimension that go "to the very heart" of the criminal justice process (*People v Hansen*, 95 NY2d at 230-231). In light of that conclusion, we hold that such a claim is not so fundamental as to "implicate the legality of the entire proceeding" for purposes of a collateral challenge based on CPLR 7803 (2) (*Matter of Rush v Mordue*, 68 NY2d at 353).

Accordingly, the Supreme Court properly determined that the issue presented by the petitioner was not the type for which prohibition lies, and properly granted that branch of the Town respondents' motion which was to dismiss the petition as procedurally barred and denied the petition and dismissed the proceeding. In light of our determination, we do not reach the parties' remaining contentions, and express no views on the merits of the petitioner's underlying selective prosecution allegations. Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.