People v Jalloh (2020 NY Slip Op 01554)





People v Jalloh


2020 NY Slip Op 01554


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Oing, Moulton, González, JJ.


11204 3084/15

[*1] The People of the State of New York, Respondent,
v
Habib Jalloh, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert L. Myers of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Michael A. Gross, J. at motion; Eugene Oliver, J. at plea; Robert E. Torres, J. at sentencing), rendered April 25, 2017, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, ___ NY3d ___, 2019 NY Slip Op 08545 [2019]; People v Bryant, 28 NY3d 1094, 1096 [2016];. People v Lopez, 6 NY3d 248 [2006]), which forecloses his suppression claims. As an alternative holding, we reject those claims on the merits.
The valid appeal waiver also forecloses defendant's claim that his counsel rendered ineffective assistance regarding suppression matters. Although defendant's ineffectiveness claim could survive the waiver to the extent that it implicated the voluntariness of the plea and the waiver itself (see People v Parilla, 8 NY3d 654, 660 [2007]), defendant does not appear to be making such an argument. In any event, defendant's ineffective assistance claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK