◼ In the Matter of the TOWN OF MENTZ, Respondent, v DEPARTMENT OF TRANSPORTATION OF THE STATE OF NEW YORK, Appellant, and the TOWN OF CONQUEST, Respondent. — Judgment unanimously vacated, without costs, proceeding converted

to an action for declaratory judgment, and judgment granted, in accordance with the following memorandum: Haiti Island is located in the Town of Mentz in Cayuga County and is surrounded by the waters of the Barge Canal and the Seneca River. Approximately 23 families reside on the island. Prior to 1964 a bridge on State Route 38, spanning both the Barge Canal to the south and the Seneca River to the north, connected the island to both shores of the mainland. Reconstruction and realignment of Route 38 was commenced in 1964 and completed in 1966. The project consisted of construction of a new bridge bypassing Haiti Island and removal of that part of the old bridge spanning the Barge Canal. On completion of the project, that part of the old bridge spanning the Seneca River, and connecting Haiti Island to the Town of Conquest, became the island's only road link to the outside world.

The State concedes that it has not maintained the bridge since 1966, and except for one minor repair done by the Town of Mentz, the bridge has not been maintained at all. In 1977 Cayuga County placed a four-ton load limit on the bridge, preventing use of it by large vehicles. There is no dispute that the condition of the bridge is such that reconstruction or extensive repair is required.

In this CPLR article 78 proceeding in the nature of mandamus (CPLR 7803, subd 1), the Town of Mentz seeks a judgment compelling the State of New York to reconstruct the bridge or, alternatively, compelling the Town of Conquest to share the cost of reconstruction of the bridge with the Town of Mentz. Its claim for State responsibility is based upon the failure of the Commissioner of Transportation, on completion of the project, to make and serve an official order of transfer of maintenance as required by section 62 of the Highway Law. The State concedes that it did not make and serve such an official order upon the Town of Mentz until 1982. Such an order has yet to be served upon the Town of Conquest. Petitioner's claim against the Town of Conquest is based upon section 232 of the Highway Law which provides that when bridges are constructed over streams forming the boundary line of towns, such towns shall be jointly liable to pay expenses for the construction and repair of such bridges.

Special Term granted judgment ordering the Department of Transportation of the State of New York "to forthwith proceed with the necessary reconstruction and rebuilding of the Haiti Island Bridge with the expense of same to be borne by the State of New York", and the Department appeals.

The threshold issue is whether mandamus is an appropriate remedy to compel the State to reconstruct and rebuild a bridge. Mandamus is an extraordinary remedy which, by definition, is available only in limited circumstances.

"Traditionally, '[m]andamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought' (*Matter of Legal Aid Soc. v Scheinman,* 53 NY2d 12, 16). The long-established law is that ' "[w]hile a mandamus is an appropriate remedy to enforce the performance of a ministerial duty, it is well settled that it will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion" ' (*Matter of Gimprich v Board of Educ.,* 306 NY 401, 406, quoting *People ex rel. Hammond v Leonard,* 74 NY 443, 445; but cf. *Scheinman, supra,* at p 16, n 1)." (*Klostermann v Cuomo,* 61 NY2d 525, 539.)

That the State has a duty to maintain its bridges and highways in a safe condition is elemental (*Protzman v State of New York,* 80 AD2d 719, affd 56 NY2d 821), and the failure to do so may well result in liability to the State (see, e.g., *Geraghty v State of New York,* 309 NY 188). The many factors involved in a determination as to when and how bridges should be constructed, reconstructed and repaired militate that such judgments must be left to the executive branch, with due regard to fiscal appropriations, and should not be the subject of judicial fiat (*Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88; see, also, *Jones v Beame,* 45 NY2d 402). It should be enough in the circumstances presented to declare the rights of the parties (see *Klostermann v Cuomo, supra,* pp 538-539; *New York Public Interest Research Group v Carey,* 42 NY2d 527) and, accordingly, we convert the proceeding to an action for declaratory judgment (CPLR 103).

Upon the completion and acceptance of this construction project in 1966, the Commissioner of Transportation was required to "make an official order discontinuing the maintenance by the state" of the old bridge (Highway Law, § 62). The effect of such an order would have been to transfer the obligation for maintenance of the bridge to "the town or towns where it is located" (Highway Law, § 62). Section 62 further provides that such transfer of maintenance "shall become effective upon the mailing of a certified copy of such official order * * * to the town clerk or clerks * * * as the case may be." Thus, in order to divest the State of its responsibility for maintenance, the Commissioner of Transportation was required to serve official orders upon both the Town of Mentz and the Town of Conquest.

Section 62 of the Highway Law does not require that a bridge or highway be in good condition before transfer of maintenance can be made by the State. Thus, if the Commissioner had properly issued the official order in a timely manner in 1966, the State would have divested itself of its obligation to maintain without regard to the condition of the bridge.

An issue arises as to the timeliness of the Commissioner's fulfillment of the obligation to transfer maintenance. Section 62 directs the Commissioner to make the official order discontinuing maintenance by the State "upon" the completion of the new construction. Although the statute requires the performance merely of a ministerial act, it is directory to the Commissioner of Transportation and it should not be construed as voiding a tardily made order. Service in 1982 only upon the Town of Mentz was inadequate, however, to divest the State of its responsibility for maintenance of the bridge. The State's obligation will continue until an official order is mailed to the clerks of the Towns of Mentz and Conquest in accordance with the statutory requirement.

Finally, we note that the record supports a finding that the bridge is constructed over a stream forming the boundary line between the Town of Mentz and the Town of Conquest (see Highway Law, § 232). Judgment should be entered, therefore, declaring that the State of New York has been since 1966 and remains responsible for the maintenance of the bridge and that upon compliance by the Commissioner of Transportation with his statutory obligation to mail to the town clerks of the Towns of Mentz and Conquest a certified copy of an official order discontinuing maintenance by the State, the towns shall be jointly responsible for the maintenance of the bridge and shall be jointly liable to pay expenses for such maintenance. (Appeal from judgment of Supreme Court, Cayuga County, Contiguglia, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., O'Donnell, Moule and Schnepp, JJ.