■ WILLIAM McKECHNIE, as President of the Patrolmen's Benevolent Association, New York City Transit Police Department, et al., Respondents, v NEW YORK CITY TRANSIT POLICE DEPARTMENT OF THE NEW YORK CITY TRANSIT AUTHORITY, Appellant. (Action No. 1.) WILLIAM McKECHNIE, as President of the Patrolmen's Benevolent Association, New York City Transit Police Department, et al., Respondents, v NEW YORK CITY TRANSIT POLICE DEPARTMENT OF THE NEW YORK CITY TRANSIT AUTHORITY, Appellant. (Action No. 2.)—In two actions, *inter alia,* to enjoin the defendant from assigning or deploying New York City Transit Police Officers at the New York City Transit Police Department District 20 and District 32 facilities until certain alleged hazardous conditions are abated, the defendant appeals (1) from an order of the Supreme Court, Kings County (Miller, J.), dated November 22, 1985, which, in action No. 1 (Kings County, index No. 10612/84), granted the plaintiff's motion for a preliminary injunction restraining the defendant from deploying its employees at the District 20 facility at 74th Street and Roosevelt Avenue in Queens until the abatement of certain hazardous conditions, and denied its cross motion for summary judgment dismissing the complaint, (2) from an order of the same court (Bernstein, J.), dated April 9, 1986, which, in action No. 1, denied the defendant's renewed motion for summary judgment dismissing the complaint, without prejudice to renewal after the appeal from the order dated November 22, 1985 had been decided, (3) from so much of an order of the same court (Clemente, J.), dated January 17, 1986, as, in action No. 2 (Kings County, index No. 15003/85), denied the defendant's cross motion for summary judgment dismissing the plaintiffs' complaint with respect to the deployment of personnel to the District 32 facility at Franklin Avenue in Brooklyn, and (4) a decision of the same court (Bernstein, J.), dated February 21, 1986, which, in action No. 2, further denied the defendant's cross motion for summary judgment.

Ordered that the order dated November 22, 1985 is reversed, on the law, the preliminary injunction is vacated, the motion is denied, the cross motion is granted, and the complaint in action No. 1 is dismissed; and it is further,

Ordered that the appeal from the order dated April 9, 1986 is dismissed, as academic; and it is further,

Ordered that the order dated January 17, 1986 is reversed insofar as appealed from, on the law, the cross motion is granted, and the complaint in action No. 2 is dismissed; and it is further,

Ordered that the appeal from the decision dated February 21, 1986 is dismissed as academic, and as no appeal lies from a decision; and it is further,

Ordered that the defendant is awarded two bills of costs.

In two separate actions, the plaintiffs sought to enjoin the defendant New York City Transit Police Department of the New York City Transit Authority (hereinafter the Transit Authority) from deploying transit police officers at two of its facilities, District 20 at 74th Street and Roosevelt Avenue in Queens, and District 32 at Franklin Avenue in Brooklyn. Both facilities had been in use and operation since the mid-1960s and were closed temporarily by the Transit Authority in 1982 for renovations. Contending that dangerous conditions existed at both facilities which threatened the lives of transit police officers deployed there in violation of their statutory right to a safe workplace (see, Labor Law § 27-a), the plaintiffs sought to enjoin the use of the facilities "until the abatement of the dangerous, unsafe, unsanitary and detrimental conditions therein". The specific conditions cited by the plaintiffs ranged in severity from the lack of emergency exits to insufficient locker space.

With regard to the District 32 facility, the plaintiffs' motion to enjoin its reopening was denied (Clemente, J.). However, after a hearing, the court (Miller, J.), granted a preliminary injunction prohibiting the reopening of the District 20 facility pending further safety modifications. In each matter, the defendant's motion to dismiss the action on the ground of nonjusticiability was denied. We find that injunctive relief was improperly granted and that these matters involve political questions beyond the scope of judicial review.

In *Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo* (64 NY2d 233), a group of correctional employees sought to enjoin the Governor from closing the Long Island Correctional Facility because the closing of the facility would allegedly endanger correctional personnel and, therefore, violate the petitioners' statutory right to a safe workplace pursuant to Labor Law § 27-a. The Court of Appeals upheld the dismissal of the petition on the ground on

nonjusticiability, holding that: "The statutory right to a safe workplace may not be enforced by means of a remedy at law which would require the judiciary to preempt the exercise of discretion by the executive branch of government" *(Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo, supra,* at 237).

The Transit Authority was created by the Legislature as a public benefit corporation to perform a governmental function by operating the transit system in New York City *(see,* Public Authorities Law §§ 1201, 1202). Like the Department of Correctional Services, it must establish priorities and allocate resources in order to perform its responsibilities, and such exercise of its judgment is generally not subject to judicial review *(see, Jones v Beame,* 45 NY2d 402, 408). The relief sought by the plaintiffs herein would "embroil the judiciary in the management and operation" of the New York City Transit System, a task the courts are not suited to perform *(see, Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo, supra,* at 239; *see also, Klostermann v Cuomo,* 61 NY2d 525, 535-536). Nor do we find from reviewing the record herein that the plaintiffs have demonstrated the existence of "extraordinary or emergency circumstances" which would arguably warrant judicial intervention *(Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo, supra,* at 240).

In view of our dismissal of these actions, it is unnecessary to address the parties' other contentions. Weinstein, J. P., Spatt, Sullivan and Harwood, JJ., concur.