In the Matter of LEON ST. CLAIR NATION, Petitioner, v CITY OF NEW YORK et al., Respondents. [874 NYS2d 452]—

Determination of respondent Commissioner of the Department of Buildings (DOB), dated December 4, 2007 and January 15, 2008, which, after a hearing, revoked petitioner's professional certification privileges pursuant to 1 RCNY 21-02 and refused to accept any application or other document submitted by petitioner to DOB, pursuant to Administrative Code of the City of NY § 26-124 (c), for two years effective January 15, 2008, to be followed by a three-year probationary period, unanimously modified, on the law, to the extent of vacating the penalty imposed pursuant to Administrative Code § 26-124 (c), and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Jane S. Solomon, J.], entered June 26, 2008) otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports the Commissioner's determination that petitioner negligently certified the accuracy of falsified photographs submitted with plans for two separate properties and a false application for alterations to the nonexistent second floor of a third property (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). Whether or not petitioner was required by statute, regulation or rule to visit work sites or to submit photographs in connection with applications and plans, he was professionally bound to verify the accuracy of the applications and plans he certified as accurate. The Administrative Law Judge's reference to the professional standards for engineers of the New York State Board of Regents and the National Society for Professional Engineers was neither an improper usurpation of the Board of Regents' authority to regulate engineers nor an attempt to enforce the rules of the National Society against a nonmember. Rather, these professional standards were cited as evidence of the standard of care expected of a professional engineer certifying documents such as applications and plans filed with DOB. Given that, in issuing permits under the "Limited Supervisory Check and/or Professional Certification Program for Applications and Plans" (1

RCNY 21-01), DOB must rely on the certifications of professionals such as petitioner, the Commissioner's determination to revoke petitioner's professional certification privileges does not shock the conscience of the Court (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]).

However, the Commissioner impermissibly invoked Administrative Code § 26-124 (c) to bar petitioner from submitting any applications or documents to DOB under his name for a period of two years, to be followed by a probationary period of three years. Section 26-124 (c) did not take effect until well after petitioner engaged in the acts charged against him. Since it is clearly penal in nature, it may not be applied retroactively (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 584 [1998]; *Landgraf v USI Film Products*, 511 US 244, 265, 280 [1994]; *Doe v Pataki*, 120 F3d 1263, 1272-1273 [2d Cir 1997], *cert denied* 522 US 1122 [1998]; *Forti v New York State Ethics Commn.*, 75 NY2d 596, 609-610 [1990]; *Ciafone v Kenyatta*, 27 AD3d 143, 146 [2005]; *Matter of Allied Grocers Coop. v Tax Appeals Trib.*, 162 AD2d 791 [1990]). Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.