[928 NE2d 404, 902 NYS2d 22]

In the Matter of LEON ST. CLAIR NATION, Respondent, v CITY OF NEW YORK et al., Appellants.

Argued March 22, 2010; decided April 29, 2010

**POINTS OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel,* New York City (*Cheryl Payer* and *Stephen J. McGrath* of counsel), for appellants. The Appellate Division erred in holding that the withdrawal of petitioner's filing privileges for two years is a retroactive application of Administrative Code of the City of New York § 26-124 (c) (now Administrative Code § 28-211.1.2) which is a regulatory and not a penal statute. (*Matter of Miller v DeBuono,* 90 NY2d 783; *Forti v New York State Ethics Commn.,* 75 NY2d 596; *People v Weinberg,* 83 NY2d 262; *Matter of Abrams v Brady,* 77 NY2d 741; *Matter of Allied Grocers Coop. v Tax Appeals Trib.,* 162 AD2d 791; *Matter of Springer v Whalen,* 68 AD2d 1011, 47 NY2d 710; *Flemming v Nestor,* 363 US 603; *De Veau v Braisted,* 363 US 144; *Landgraf v USI Film Products,* 511 US 244; *Calder v Bull,* 3 Dallas [3 US] 386.)

*Gregory Chillino,* New York City, and *Stuart A. Klein* for respondent. Respondents-appellants' imposition of Administrative Code of the City of New York § 26-124 (c) is unconstitutional and otherwise unlawful. (*Matter of Mulligan v Murphy,* 14 NY2d 223; *People v Oliver,* 1 NY2d 152; *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Fernandez-Vargas v Gonzales,* 548 US 30; *Landgraf v USI Film Products,* 511 US 244; *People v O'Brien,* 111 NY 1; *Garzo v Maid of Mist Steamboat Co.,* 303 NY 516; *Buccino v Continental Assur. Co.,* 578 F Supp 1518; *Matter of Cortland-Clinton, Inc. v New York State Dept. of Health,* 59 AD2d 228; *Matter of Garcia v Department of Educ. of City of N.Y.,* 18 Misc 3d 503.)

**OPINION OF THE COURT**

GRAFFEO, J.

We conclude that the Commissioner of the New York City Department of Buildings (DOB) properly relied on New York City Administrative Code § 26-124 (c) in refusing to accept any

documents submitted by petitioner, a professional engineer, for two years, followed by a three-year probationary period.

Petitioner Leon St. Clair Nation is an engineer licensed by the New York State Department of Education. In 2004, he placed his seal on digitally altered photographs submitted to DOB in connection with a pavement plan for a building under construction in Brooklyn. In early 2005, petitioner attested the accuracy of a falsified photograph in support of another pavement plan for a separate Brooklyn property. The following year, he offered a false application to DOB for alterations to a nonexistent second floor of a third Brooklyn parcel.

As a result of these filings, DOB commenced an administrative proceeding before the New York City Office of Administrative Trials and Hearings seeking to revoke petitioner's professional certification privileges. Following a hearing, the Administrative Law Judge (ALJ) found, by a preponderance of the evidence, that petitioner had negligently certified the accuracy of the altered photographs and submitted a deceptive application, resulting in a recommendation that his professional certification privileges be rescinded.

The DOB Commissioner adopted the ALJ's recommendation and revoked petitioner's certification privileges with respect to the agency's "Limited Supervisory Check and/or Professional Certification Program" (see 1 RCNY 21-01). Relying on a recently enacted provision—Administrative Code § 26-124 (c)— the Commissioner further precluded petitioner from filing any application or document with DOB, whether in connection with the Limited Supervisory Check/Professional Certification Program or otherwise, for two years, effective January 15, 2008, to be followed by a three-year probationary period.

Petitioner responded by commencing this CPLR article 78 proceeding challenging the Commissioner's determination. He argued that the determination was not supported by substantial evidence; that the revocation of his certification privileges was excessive; and that Administrative Code § 26-124 (c) was inapplicable because it was enacted in 2007 after he engaged in the acts charged against him.

Upon transfer of the proceeding to the Appellate Division, that Court modified to the extent of vacating the penalty imposed pursuant to Administrative Code § 26-124 (c), and otherwise confirmed the determination (60 AD3d 468 [1st Dept 2009]). The Court held that substantial evidence supported the

Commissioner's determination that petitioner negligently certified the accuracy of submissions and that the Commissioner's revocation of certification privileges did not shock the judicial conscience. But the Court held that Administrative Code § 26-124 (c) could not be applied retroactively by the Commissioner to bar petitioner from submitting any documents to DOB for two years, together with the three-year probationary period. We granted DOB leave to appeal (12 NY3d 713 [2009]).[1]

New York City Administrative Code § 26-124 (c) provides, in relevant part:

> "In addition to any other penalty provided by law, the commissioner may refuse to accept any application or other document . . . that bears the signature of any person who has been found, after a hearing at the office of administrative trials and hearings pursuant to the department's rules, . . . to have knowingly or negligently falsified or allowed to be falsified any certificate, form, signed statement, application, [or] report."[2]

Adopted by the Legislature in 2007, this provision was designed to "promote public safety and prevent the waste of taxpayer dollars by eliminating the repeated filing of false information relating to the construction and repair of buildings in New York City" (Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 542, at 8, reprinted at 2007 McKinney's Session Laws of NY, at 2041).

DOB argues that the Appellate Division erred in concluding that Administrative Code § 26-124 (c) was inapplicable in this proceeding. Relying on *Matter of Miller v DeBuono* (90 NY2d 783 [1997]), DOB submits that the Commissioner's refusal to accept documents from petitioner for a future period of time did not amount to an improper retroactive application of the provision. We agree.

It is well settled under New York law that retroactive operation of legislation "is not favored by courts and statutes will not

---

1. Petitioner has not challenged in this Court the Appellate Division's conclusions that the determination was supported by substantial evidence and that revocation of petitioner's certification privileges under the Limited Supervisory Check/Professional Certification Program did not shock the conscience.

2. Pursuant to Local Law No. 8 (2008) § 21 of the City of New York, New York City Administrative Code § 26-124 (c) was recodified with minor changes in wording as Administrative Code § 28-211.1.2.

be given such construction unless the language expressly or by necessary implication requires it" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 584 [1998]). But it is also true that "[a] statute is not retroactive . . . when made to apply to future transactions merely because such transactions relate to and are founded upon antecedent events" (*Forti v New York State Ethics Commn.*, 75 NY2d 596, 609 [1990] [internal quotation marks and citation omitted]).

In *Miller*, a nurse aide physically abused a nursing home patient in 1991. After a hearing, the Commissioner of Health sustained the charge of patient abuse. Pursuant to 10 NYCRR 415.4 (b) (1) (ii) (*b*), enacted after the incident took place, the nurse aide was fired and prohibited from future employment with any nursing home. She commenced a CPLR article 78 proceeding, challenging the Commissioner's retroactive enforcement of a regulation barring future employment once a finding of abuse had been lodged with the Nurse Aide Registry.

In rejecting the nurse aide's contention, we concluded in *Miller* that the regulation had not been inappropriately applied retroactively. We reasoned that "where the requirements for engaging in specified professional activity are changed to govern future professional eligibility, a statute does not operate retroactively in any true sense even though its application may be triggered by an event which occurred prior to its effective date" (90 NY2d at 790 [internal quotation marks, citations, brackets and emphasis omitted]). We further explained that the provision was a safety measure designed to regulate future employment by precluding nursing homes from hiring nurse aides who had been previously found guilty of abuse. As a result, the Commissioner's application of the regulation was not improper merely because the nurse aide's disqualifying conduct occurred before its promulgation.

The *Miller* rationale controls the question of retroactivity in this case. Administrative Code § 26-124 (c) authorizes the Commissioner to refuse to accept applications or documents from "any person" found to have knowingly or negligently submitted falsified materials to DOB. By its terms, the provision aims to regulate future professional eligibility. And similar to the regulation at issue in *Miller*, the underlying purpose of the code provision is to promote public safety given the vast number of documents filed with and relied upon by DOB each year. The fact that petitioner's inability to file papers with DOB for a future period of time is predicated on prior false filings

does not render the Commissioner's application of the provision retroactive.[3] Hence, contrary to petitioner's position, "the principles of statutory construction which require clear expression of a legislative intention to make a new provision retroactive are inapplicable here" (*Forti*, 75 NY2d at 610 [citations omitted]).

The Commissioner therefore properly relied on Administrative Code § 26-124 (c) in determining that DOB would preclude petitioner from submitting any documents for two years, with a three-year probationary period thereafter. Based on petitioner's repeated certification and submission of false materials, we further conclude that the Commissioner's determination does not shock the conscience (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001], *rearg denied* 96 NY2d 854 [2001]).

Accordingly, the judgment of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the petition dismissed in its entirety.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Judgment, insofar as appealed from, reversed, etc.

---

**3.** [2] For the same reason, we reject petitioner's contention that Administrative Code § 26-124 (c), as applied to him, constitutes an ex post facto law in violation of the Federal Constitution (*see Forti*, 75 NY2d at 610 n 4).