(July 14, 2011)

■ In the Matter of ROBERT M. SCARANO, JR., Petitioner, v CITY OF NEW YORK et al., Respondents. [926 NYS2d 38]—

While we find no support for some of the findings of the ALJ, we agree that petitioner's actions in submitting misleading photographs, falsely certifying that all objections had been resolved, and claiming entitlement to extra floor area resulting from a nonexistent community facility are supported by substantial evidence and warrant the finding that DOB can no longer rely on him to submit honest paperwork. Thus, there was a basis for prohibiting him from submitting further documents to DOB.

Although this matter was brought pursuant to CPLR article 78, we exercise our authority under CPLR 103 (c), and in this particular case, nostra sponte convert the petition to a declaratory judgment action and address petitioner's constitutional claims (see Matter of Medicon Diagnostic Labs. v Perales, 74 NY2d 539, 544 [1989] [noting that the Appellate Division had sua sponte converted the article 78 proceeding to a declaratory judgment action]; Matter of Oglesby v McKinney, 28 AD3d 153, 158 [2006], affd 7 NY3d 561 [2006] ["this (article 78) proceeding should be converted, sua sponte, to a declaratory judgment action"]).

Petitioner's challenge to the constitutionality of Administrative Code of the City of New York § 28-211.1.2 on equal protection grounds is unavailing. The statute treats all persons equally, as DOB may refuse to accept filings from any person found to have made a false statement in a submission to DOB, and does not create a distinction between similarly situated persons. Notably, the statute does not focus on the person's place of business, but rather, focuses on whether the person files documents with DOB. Although the statute applies only to persons filing in New York City, territorial uniformity of the laws within the state is not constitutionally required (Matter of Colt Indus. v Finance Adm'r of City of N.Y., 54 NY2d 533 [1982], appeal dismissed 459 US 983 [1982]). In any event, there is a rational basis for this code provision because the City has a legitimate interest in promoting public safety by eliminating the filing of false information related to the construction and repair of buildings in New York City.

Petitioner's due process argument also is without merit. Although petitioner has a constitutionally protected interest in his

professional license, he does not have any protected interest in the ability to file with DOB. Moreover, his license was not revoked by the proceedings below, only his ability to file papers with DOB in New York City was affected. Indeed, other architects within petitioner's firm may still file with DOB.

Even if petitioner had a constitutionally protected interest in the ability to file with DOB, he was afforded proper notice and an opportunity to be heard. Indeed, petitioner received an eight-day hearing before an ALJ, during which he was able to present two expert witnesses and cross-examine the respondents' witnesses.

Lastly, the overbreadth and First Amendment arguments need not be addressed because they were not raised by petitioner before the agency or in this proceeding, but rather, were raised for the first time by the amici curiae in this proceeding. Concur—Gonzalez, P.J., Tom, Sweeny, Richter and Manzanet-Daniels, JJ.