■ In the Matter of IRA J. BENLEVI, Petitioner, v NEW YORK CITY DEPARTMENT OF BUILDINGS, Respondent. [983 NYS2d 520]—

Determination of respondent New York City Department of Buildings (DOB), dated January 22, 2009, as adhered to February 18, 2009, which, after a hearing, revoked petitioner's filing and professional certification privileges with the agency pursuant to Administrative Code of City of NY § 28-211.1.2 and Rules of City of New York Department of Buildings (1 RCNY) § 21-02, unanimously modified, on the law, the facts and in the exercise of discretion, to vacate the penalty imposed, and remand the matter to the agency for imposition of a lesser penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Emily Jane Goodman, J.], entered July 26, 2011, as adhered to by order of the same court [Shlomo Hagler, J.], entered on or about April 15, 2013), otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports respondent's determination that petitioner falsely represented that he was licensed to practice architecture when, during his six-month suspension from practice, imposed by the State Department of Education, he filed with DOB amendments to plans that had been submitted and pre-approved before the suspension, and in so doing, affixed his seal as a licensed and registered architect (*see Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]; CPLR 7803 [4]). Hence, petitioner's contentions that he did not file any new plans during his suspension, that he filed the amendments only to spare his clients additional costs and inconvenience, and that the amendments were only minor corrections which did not constitute the actual practice of architecture, are beside the point, and do not undermine the finding that his submissions to DOB falsely represented that his architect's license was current and in good standing.

However, we find that the penalty imposed is excessive upon considering the following factors: DOB did not place any

temporal limitation on the prohibition of petitioner filing documents, nor did it explain why such a permanent penalty was imposed; petitioner is a solo practitioner for whom over ninety percent of his business is in New York City; the prohibition applies to the entire city, and would essentially end petitioner's independent architectural business, thus depriving him of his livelihood; and respondent has never alleged, much less made any showing, that the falsehood at issue pertained to the substance or content of the building plans and thus presented potential safety risks which Administrative Code of City of NY § 28-211.1.2 was designed to address (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234-235 [1974]; *cf. Matter of St. Clair Nation v City of New York*, 14 NY3d 452 [2010]; *Matter of Scarano v City of New York*, 86 AD3d 444 [1st Dept 2011], *appeal dismissed, lv denied* 17 NY3d 901 [2011]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Feinman and Kapnick, JJ.