In the Matter of HYDE PARK LANDING, LTD., Respondent, v TOWN OF HYDE PARK et al., Appellants. [15 NYS3d 52]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Town of Hyde Park and Walter Doyle, in his capacity as Superintendent of Highways for the Town of Hyde Park, to repair or replace a bridge referred to as the Dock Street Bridge, the Town of Hyde Park and Walter Doyle appeal from a judgment of the Supreme Court, Dutchess County (Rosa, J.), dated September 11, 2013, which converted the proceeding to a declaratory judgment action pursuant to CPLR 103 (c), and thereupon declared that the Town of Hyde Park is "responsible for the maintenance, repair, and/or replacement of the Dock Street Bridge," and that the Town "shall take all measures necessary to fulfill its legal obligation to repair or replace the Dock Street Bridge, as expeditiously as possible in consideration of . . . fiscal and other concerns."

Ordered that the judgment is modified, on the law, by deleting the decretal paragraph thereof, declaring that the Town of Hyde Park "shall take all measures necessary to fulfill its legal obligation to repair or replace the Dock Street Bridge, as expeditiously as possible in consideration of . . . fiscal and other concerns"; as so modified, the judgment is affirmed, without costs or disbursements.

In November 2012, the Town of Hyde Park closed a bridge known as the Dock Street Bridge, which was part of Dock Street, a road maintained by the Town, as a result of a finding of the Federal Highway Administration that the bridge had deteriorated to a point where it was considered unsafe for public travel. In March 2013, counsel for the petitioner, which operated a marina that allegedly is accessible only via the Dock Street Bridge or an alternate route pursuant to a revocable month-to-month lease with nonparty Amtrak, demanded that the Town repair and reopen the bridge. Counsel for the Town responded that it was in the process of reviewing records to determine whether it was the Town's responsibility to maintain

and repair the Dock Street Bridge and, if so, whether the cost of repairs was "justified."

The petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Town and Walter Doyle, in his capacity as Superintendent of Highways for the Town, to take immediate action to repair or replace the Dock Street Bridge. In a judgment dated September 11, 2013, the Supreme Court, inter alia, determined that a writ of mandamus was not appropriate, as such remedy would interfere with the Town's "administration and management of its affairs" and "the allocation of its resources." Further, the Supreme Court converted the proceeding to a declaratory judgment action pursuant to CPLR 103 (c), and thereupon declared that the Town "is responsible for the maintenance, repair, and/or replacement of the Dock Street Bridge," and that the Town "shall take all measures necessary to fulfill its legal obligation to repair or replace the Dock Street Bridge, as expeditiously as possible in consideration of . . . fiscal and other concerns." The Town and Doyle (hereinafter together the appellants) appeal from the judgment.

"The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated" (*Matter of Gonzalez v Village of Port Chester*, 109 AD3d 614, 615 [2013]), whereas declaratory relief "is not an extraordinary remedy," as it "only provides a declaration of rights between parties" and "cannot be executed upon so as to compel a party to perform an act" (*Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 147-148 [1983]). Here, the appellants correctly concede that the Town is obligated to repair and maintain the Dock Street Bridge, since it is part of a highway by use within the meaning of Highway Law § 189 by virtue of the Town's maintenance of Dock Street for the requisite statutory time period (*see Pinsly v Town of Huntington*, 81 AD3d 910, 911 [2011]). However, as the Supreme Court correctly observed, "[t]he many factors involved in a determination as to when and how bridges should be constructed, reconstructed and repaired militate that such judgments must be left to the [Town], with due regard to fiscal appropriations, and should not be the subject of judicial fiat" (*Matter of Town of Mentz v Department of Transp. of State of N.Y.*, 106 AD2d 870, 872 [1984]). Thus, the Supreme Court properly converted the proceeding to a declaratory judgment action pursuant to CPLR 103 (c) and, thereupon, declared that

the Town "is responsible for the maintenance, repair, and/or replacement of the Dock Street Bridge" (*see Matter of DuBois v Town Bd. of Town of New Paltz*, 35 NY2d 617, 621 [1974]; *Matter of Scarano v City of New York*, 86 AD3d 444, 445 [2011]; *Matter of Oglesby v McKinney*, 28 AD3d 153, 158 [2006], *affd* 7 NY3d 561 [2006]; *Matter of Town of Mentz v Department of Transp. of State of N.Y.*, 106 AD2d at 872).

However, the Supreme Court erred by declaring that the Town "shall take all measures necessary to fulfill its legal obligation to repair or replace the Dock Street Bridge, as expeditiously as possible in consideration of . . . fiscal and other concerns." It is beyond cavil that " 'questions of judgment, discretion, allocation of resources and priorities [are] inappropriate for resolution in the judicial arena' " (*Jones v Beame*, 45 NY2d 402, 407 [1978], quoting *Matter of Abrams v New York City Tr. Auth.*, 39 NY2d 990, 992 [1976]). As the Supreme Court recognized, it is within the discretion of the Town to "investigat[e] . . . the most appropriate method of repairing or replacing the bridge, and the potential availability of grants and funding sources other than the [T]own's tax base" to address its "present financial inability to replace the Dock Street Bridge," and courts cannot interfere with this function (*see McKechnie v New York City Tr. Police Dept. of N.Y. City Tr. Auth.*, 130 AD2d 466, 468 [1987]). Consequently, the Supreme Court's declaration that the Town must "take all measures necessary to . . . repair or replace the Dock Street Bridge[ ] as expeditiously as possible" was purely advisory and does not create any binding obligation on the Town. Thus, this declaration was improper (*see Jones v Beame*, 45 NY2d at 408; *Matter of United Water New Rochelle v City of New York*, 275 AD2d 464, 466 [2000]; *Manuli v Hildenbrandt*, 144 AD2d 789, 790 [1988]).

The parties' remaining contentions are without merit. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.