Trovato v Galaxy Sanitation Servs. of N.Y., Inc. (2019 NY Slip Op 02580)





Trovato v Galaxy Sanitation Servs. of N.Y., Inc.


2019 NY Slip Op 02580


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-11636
 (Index No. 605704/16)

[*1]Antoinette Trovato, etc., respondent, 
v
Galaxy Sanitation Services of New York, Inc., et al., appellants.


Cole Schotz, P.C., New York, NY (David T. Meglino and Brian Gardner of counsel), for appellants.
LaMonica Herbst & Maniscalco, LLP, Wantagh, NY (David A. Blansky and Jordan D. Weiss of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for declaratory relief, the defendants appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered September 20, 2017. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the first, second, and fourth causes of action and to dismiss the complaint insofar as asserted against the defendant Sky Materials Corp.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first and second causes of action to the extent that the plaintiff requested the Supreme Court to compel the defendants to take certain actions, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action against the defendants Galaxy Sanitation Services of New York, Inc. (hereinafter Galaxy), Superior Aggregates, Inc. (hereinafter Superior), Sky Materials Corp. (hereinafter Sky), and Michael Cholowsky. The complaint alleges as follows: The plaintiff was the wife and the executor of the estate of Salvatore Trovato (hereinafter the decedent). In 2010, the decedent agreed to pay Cholowsky $2.65 million for a 50% interest in the shares of Galaxy and nonparties Emjay Environmental Recycling, Ltd., and Newco, LLC. In this regard, the decedent and Cholowsky entered into a "Letter Agreement," which established "a framework for the Cholowsky/Trovato Transaction, including the formation of a new company to own and operate the stone business-related assets of Sky," a corporation of which Cholowsky is the sole shareholder. Thereafter, Cholowsky and the decedent agreed to form Superior for the purpose of owning and operating the stone-business-related assets of Sky. Cholowsky and the decedent closed on the Cholowsky/Trovato Transaction in August 2010, and the decedent paid Cholowsky $2.65 million.
The complaint alleges that Cholowsky either failed to contribute Sky's stone-business-related assets to Superior "or returned those assets to Sky in or after 2010 so that he could avoid sharing the profits arising from the ownership and operation of those assets with [the decedent] [*2]and Plaintiff." The complaint further alleges that after the decedent died, "Cholowsky caused Superior to cease operating and transferred all of its assets, including its equipment and receivables, to Sky and thereafter Sky utilized Superior's assets and collected its receivables." The plaintiff claims that "no dividends or distribution and share in net profits has ever been paid to [the decedent], while alive, or to his Estate."
The defendants moved pursuant to CPLR 3211(a) to dismiss the first, second, and fourth causes of action and to dismiss the complaint insofar as asserted against Sky. The Supreme Court denied the defendants' motion. The defendants appeal.
The first cause of action sought a judgment declaring that the plaintiff owns 50% of the shares of Galaxy and Superior. The second cause of action sought a judgment declaring that Sky is the successor-in-interest to Superior and that the plaintiff owns 50% of the shares of Sky. In these two causes of action, the plaintiff also requested the Supreme Court to direct the defendants to (1) issue and deliver to the plaintiff certificates reflecting 50% of the shares of ownership in Galaxy, Superior, and Sky, (2) provide an accounting, and (3) make certain disbursements to the plaintiff.
"The primary purpose of declaratory judgments is to adjudicate the parties' rights before a wrong' actually occurs in the hope that later litigation will be unnecessary" (Klostermann v Cuomo, 61 NY2d 525, 538). Declaratory relief " only provides a declaration of rights between parties' and cannot be executed upon so as to compel a party to perform an act'" (Matter of Hyde Park Landing, Ltd. v Town of Hyde Park, 130 AD3d 730, 731, quoting Matter of Morgenthau v Erlbaum, 59 NY2d 143, 148; see Klostermann v Cuomo, 61 NY2d at 538-539). Accordingly, the Supreme Court should have granted those branches of the defendants' motion which sought dismissal of so much of the first and second causes of action as requested the court to compel the defendants to act (see Klostermann v Cuomo, 61 NY2d at 538-539; Matter of Morgenthau v Erlbaum, 59 NY2d at 148; Matter of Hyde Park Landing, Ltd. v Town of Hyde Park, 130 AD3d at 731).
However, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which sought dismissal of the remainder of the second cause of action. Contrary to the defendant's contention, the plaintiff asserted a direct, rather than derivative, cause of action against Sky (see Bibbo v Arvanitakis, 145 AD3d 657, 660; Serino v Lipper, 123 AD3d 34, 40; Tornick v Dinex Furniture Indus., Inc., 148 AD2d 602, 603). Also contrary to the defendants' contention, the plaintiff adequately pleaded an exception to the general rule against successor liability (see Schumacher v Richards Shear Co., 59 NY2d 239, 244-245; Wass v County of Nassau, 153 AD3d 887, 888; Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc., 78 AD3d 801, 801-802). In this regard, the plaintiff adequately pleaded that there was a de facto merger between Superior and Sky (see Matter of AT & S Transp., LLC v Odyssey Logistics & Tech. Corp., 22 AD3d 750, 752; Washington Mut. Bank, F.A. v SIB Mtge. Corp., 21 AD3d 953, 954).
We agree with the Supreme Court's determination to deny that branch of the defendants' motion which was to dismiss the fourth cause of action, which was asserted against Cholowsky to recover damages for unjust enrichment. Contrary to the defendants' contention, the plaintiff may allege a cause of action to recover damages for unjust enrichment as an alternative to a cause of action alleging breach of contract, as the defendants apparently dispute the existence of the "Letter Agreement" between Cholowsky and the decedent (see El-Nahal v FA Mgt., Inc., 126 AD3d 667, 668; Goldman v Simon Prop. Group, Inc., 58 AD3d 208, 220; AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 20).
The defendants' remaining contention is without merit.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court