## S3 Partners, LLC v Fidessa Corp.

2024 NY Slip Op 31199(U)

April 8, 2024

Supreme Court, New York County

Docket Number: Index No. 653132/2023

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

---------------------------------------------------------------------------------X

S3 PARTNERS, LLC

|  | |
|---|---|
| Plaintiff, | **INDEX NO.**    653132/2023 |
| | |
| - v - | **MOTION DATE**   07/27/2023, 09/21/2023, 12/20/2023 |
| FIDESSA CORPORATION, | |
| | **MOTION SEQ. NO.**   001 004 006 |
| Defendant. | |

**DECISION + ORDER ON MOTION**

---------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 24, 30, 33, 47, 48, 49, 50, 51, 52, 53, 54, 55, 57, 58, 64, 65, 66

were read on this motion to/for         MISCELLANEOUS         .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 35, 36, 37, 38, 56, 59, 60, 61, 62, 63, 67, 68, 69, 70, 71

were read on this motion to/for         DISMISSAL         .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 97

were read on this motion to/for         LEAVE TO FILE         .

Upon the foregoing documents, the motion (Mtn. Seq. No. 001) seeking to strike allegations in the now superseded original complaint (the **Original Complaint**; NYSCEF Doc. No. 1) by the amended complaint (the **AC;** NYSCEF Doc. No. 28) and for costs in having to bring the motion is denied.  The motion (Mtn. Seq. No. 004) seeking to dismiss the AC is denied.  The motion (Mtn. Seq. No. 006) seeking to amend the AC is granted.

**THE RELEVANT FACTS**

**653132/2023   S3 PARTNERS, LLC vs. FIDESSA CORPORATION**
**Motion No.  001 004 006**

**Page 1 of 10**

Reference is made to an Investment Agreement, dated as of August 4, 2021 (the **Agreement**; NYSCEF Doc. No. 7), by and between S3 Partners, LLC (**S3**) and Fidessa Corporation (**Fidessa**) pursuant to which Fidessa agreed to provide approximately $40 million of funding to S3 in two traunches. In this lawsuit, S3 claims that Fidessa failed to provide the second traunch of financing in the amount of approximately $6,250,000 asserting causes of action sounding in breach of contract, specific performance, breach of the implied covenant of good faith and fair dealing, and a declaratory judgment to determine the parties' rights and obligations under the Agreement. As relevant, in the Original Complaint, S3 alleged that Fidessa and ION Group lacked the financial ability to provide $6.25 million in financing to S3. Fidessa claims that these allegations were frivolous and that the attorney's representing S3 knew that they were false and only asserted them to hurt Fidessa's reputation. To wit, among other things, Fidessa had already claimed that it had not provided the second traunch of funding to S3 because it had claimed that S3 had breached the Agreement and as a showing of its ability to make the second traunch funding, Fidessa offered to place the $6.25 million in escrow. In fact, Fidessa alleges that it was only after S3 made a motion (Mtn. Seq. No. 001) to strike the offending allegations that S3 filed the Amended Complaint (**AC**; NYSCEF Doc. No. 28) removing these allegations. As such, and as discussed below, Fidessa has moved for costs and fees associated with having to bring the motion pursuant to 22 NYCRR Section 130-1.1.

In the AC, and without the offending allegations that Fidessa has not funded the second traunch contemplated by the Agreement because it lacks the financial wherewithal to do so, S3 asserts the same four causes of action.

**653132/2023   S3 PARTNERS, LLC vs. FIDESSA CORPORATION**
**Motion No.  001 004 006**

**Page 2 of 10**

[* 2]

Subsequently, Fidessa filed a motion (Mtn. Seq. No. 4) seeking dismissal of the AC pursuant to CPLR 3211(a)(7) for failure to state a cause of action (and without asserting that any allegations in the AC must be struck as irrelevant or prejudicial) and S3 opposes that motion and otherwise moved (Mtn. Seq. No. 006) seeking leave to file an amendment to its AC. Fidessa opposes that motion.

**Discussion**

**I.       Fidessa's Motion (Mtn. Seq. No. 001) Seeking Sanctions is Denied**

CPLR 3024(b) provides that "[a] party may move to strike any scandalous or prejudicial matter unnecessarily inserted in a pleading." In applying this rule, the Appellate Division has stated that "[a] motion to strike scandalous or prejudicial material from a pleading will be denied if the allegations are relevant to a cause of action" (*New York City Health and Hosps. Corp. v St. Barnabas Community Health Plan*, 22 AD3d 391, 391 [1st Dept 2005] [citations omitted], cited by Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C3024:4 ["[W]e may conclude that 'unnecessarily' means 'irrelevant'. ... Generally speaking, if the item would be admissible at the trial under the evidentiary rules of relevancy, its inclusion in the pleading, whether or not it constitutes ideal pleading, should not ordinarily justify a motion to strike under CPLR 3024[b]"]).

22 NYCRR Section 130-1.1(a) authorizes the award of "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct." Under subsection (c) of that Rule, "conduct is frivolous if:

> (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
> (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

[* 3]

(3) it asserts material factual statements that are false.

> Frivolous conduct shall include the making of a frivolous motion for costs or sanctions under this section. In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party."

In its moving papers (NYSCEF Doc No. 14, at 13), Fidessa identifies four discrete allegations that S3 made in the Original Complaint, in ¶¶ 2, 6, and 11, which it asserts are false, unnecessary to the Original Complaint, and damaging to its reputation. Assuming without deciding that such "unnecessary" allegations would fall within the ambit of CPLR 3024(b), Fidessa's motion to strike is nonetheless denied. S3 amended the Original Complaint as of right pursuant to CPLR Section 3025(a) during the pendency of this motion and removed the offending allegations. Inasmuch as "'the amendment cure[d] the defect, the motion should be deemed to abate'" (*Cassissi v Yee*, 46 Misc3d 552, 555 [Sup Ct, Westchester County 2014], quoting David D. Siegel, Prac Commentaries, McKinney's Cons Laws of NY, CPLR 3024:7). To be clear, the record before the Court with respect to the allegations in the Original Complaint to which Fidessa objects does not yet amount to the kind of frivolous conduct warranting sanction because S3 abandoned those allegations (22 NYCRR § 130-1.1[c]) when it filed the AC which AC "supersede[d] the original complaint and [become] the only complaint in the case" (*id.*, quoting *Halmar Distribs. v Approved Mfg. Corp.*, 49 AD2d 841, 841 [1st Dept 1975]). Should however S3 reassert those allegations or other allegedly baseless allegations, Fidessa may renew its motion. Thus, the motion is denied without prejudice.

**653132/2023  S3 PARTNERS, LLC vs. FIDESSA CORPORATION**                 **Page 4 of 10**
**Motion No.  001 004 006**

4 of 10

[* 4]

## II.    Fidessa's Motion (Mtn. Seq. No. 004) is denied

"On a motion to dismiss a complaint pursuant to CPLR 3211, we must liberally construe the pleading and 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.*, 37 NY3d 169, 175, *rearg denied,* 37 NY3d 1020 [2021], quoting *Leon v Martinez,* 84 NY2d 83, 87-88 [1994]).  "Modern pleading rules are designed to focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one" (*Rovello v Orofino Realty Co., Inc.*, 40 NY2d 633, 636 [1976] [internal quotation marks and citations omitted]).

"Dismissal under CPLR 3211(a)(7) is [only] warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Himmelstein*, 27 NY3d at 175 [internal quotation marks and citation omitted]).  "Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013).

In its moving papers, and relying principally on *Avalon Constr. Corp. v Kirch Holding Co.* (256 NY 137, 141 [1931]) which affirmed the Second Department's affirmance of a judgment of Special Term after trial, that "a breach of contract to make a loan, *standing by itself,* involves no legal damage" (emphasis added), reasoning that the borrower, being denied the loan, is also

**653132/2023   S3 PARTNERS, LLC vs. FIDESSA CORPORATION**
**Motion No.  001 004 006**

**Page 5 of 10**

5 of 10

[* 5]

relieved of its repayment obligation, Fidessa argues that the breach of contract cause of action (first cause of action) must be dismissed because the $6.25 million second traunch funding is a loan, not an investment, such that there are no direct or consequential damages. The argument fails at this stage of the litigation. The plain language of the Agreement which must govern its construction (see *R/S Assocs. v New York Job Dev. Auth.*, 98 NY2d 29, 32 [2002] ["when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms"] [internal quotation marks and citations omitted]) appears to be at odds with this interpretation such that dismissal at this stage is not appropriate. For clarity, the fact that the Agreement provides that "[t]he ION Investor has agreed to subscribe for Shares and the Company has agreed to issue Shares on the terms and subject to the conditions of the Agreement" (Agreement, Recitals [affirmation of Alexander B. Lees, Esq., ex A [NYSCEF Doc No. 37]) does not on its face mean that the $6.25 million second traunch funding was a loan requiring dismissal. Indeed, the substance of the Agreement appears to provide for an up to $40 million investment from Fidessa in exchange for a substantial share in S3's equity and control of its business. More specifically, Fidessa paid the first tranche of $33.75 million, defined as the "Subscription Amount," to S3 in exchange for S3's issuance of "(i) the Ordinary Shares. . . of the Company. . ., (ii) *the Redeemable Shares*, and (iii) the Warrants" (*id.* ¶2.1.28 [emphasis added]). Fidessa also received the right to appoint two "Investor Directors" to S3's Board of Managers (*id.* ¶ 9.1 *et seq.*) and agreed to invest the second tranche of up to $6.25 million at any time in the two years following "Completion" (*i.e.*, closing of the Agreement) "upon written request by [S3]," in exchange for the Redeemable Shares (*id.* ¶ 3.3).

[* 6]

For clarity, S3's assertion that it is due $6.25 million in direct damages for Fidessa's breach of contract claim does not appear to be correct because had it received that amount, S3 would have been required to issue the Redeemable Shares for Fidessa's later redemption with interest (*id.*, ¶¶ 3.3, 7.5–7.9). Consequential damages however are another matter. Paragraph 46 of the AC asserts that Fidessa's breach allegedly impaired operations and caused additional costs in securing replacement funding which costs were the foreseeable consequences of Fidessa's alleged breach and were allegedly within the parties' contemplation at the time they entered the Agreement (*D.K. Prop., Inc. v National Union Fire Ins. Co. of Pittsburgh, PA*, 168 AD3d 505, 506-07 [1st Dept 2019]). This may be correct. Dismissal at this time is premature.

Fidessa is also not entitled to dismissal of S3's cause of action sounding in breach of the implied covenant of good faith and fair dealing (second cause of action) at this stage of the litigation. As alleged, it is not duplicative of its breach of contract claim (*AEA Middle Mkt. Debt Funding LLC v Marblegate Asset Mgt., LLC*, 214 AD3d 111, 133 [1st Dept 2023]). Here, S3 alleges that Fidessa breached the implied covenant of good faith and fair dealing by demanding that S3 meet extra-contractual reporting duties, interfering with S3's auditors and delaying completion of their audit, and then refusing to "accept" the audit (citing AC, ¶ 62 [NYSCEF Doc No. 60]; *cf. id.*, ¶¶ 43-47). This is different and separate from the alleged breach by Fidessa in failing to fund the $6.25 million second traunch.

Fidessa is also not entitled to dismissal of S3's cause of action for specific performance (third cause of action). S3 may not have an adequate remedy at law and it would be error to deprive S3 of its right to allege inconsistent or contradictory causes of action at the pleading stage

**653132/2023 S3 PARTNERS, LLC vs. FIDESSA CORPORATION**
**Motion No. 001 004 006**

**Page 7 of 10**

7 of 10

particularly where Fidessa argues that S3 has not suffered consequential recoverable damages

(see *Levy v Franklin Natl. Bank*, 52 AD2d 769, 769 [1st Dept 1976]).

Finally, Fidessa is not entitled to dismissal at this stage of the declaratory judgment (fourth cause

of action) because S3 must be permitted to argue in the alternative and S3 is entitled to a

declaration from this Court as to whether there are reciprocal enforceable obligations under the

agreement under the circumstances of this case (*Kevin Spence & Sons, Inc. v Boar's Head

Provisions Co.*, 5 AD3d 352, 353-54 [1st Dept 2004]; *Hyde Park Landing, Ltd. v Town of Hyde

Park*, 130 AD3d 730, 731 [2d Dept 2015], quoting *Matter of Morgenthau v Erlbaum*, 59 NY2d

143, 148 [1983] ["declaratory relief 'is not an extraordinary remedy,' as it 'only provides a

declaration of rights between the parties' and 'cannot be executed upon so as to compel a party

to perform an act'"]). Accordingly, the motion to dismiss the AC is denied.

### III.    S3's motion (Mtn. Seq. No. 006) seeking leave to amend the AC is granted

CPLR 3025(b) provides:

> "[a] party may amend his or her pleading, or supplement it by setting forth
> additional or subsequent transactions or occurrences, at any time by leave of court
> or by stipulation of all parties. Leave shall be freely given upon such terms as may
> be just including the granting of costs and continuances. Any motion to amend or
> supplement pleadings shall be accompanied by the proposed amended or
> supplemental pleading clearly showing the changes or additions to be made to the
> pleading."

The Appellate Division has been clear "'[l]eave to amend pleadings should be freely granted in

the absence of prejudice or surprise so long as the proposed amendment is not *palpably

insufficient as a matter of law*'" (*Olam Corp. v Thayer*, 2021 WL 408232, 2021 NY Slip Op

[* 8]

30345[U], *2 [Sup Ct, NY County 2021], quoting *Mashinsky v Drescher*, 188 AD3d 465, 465 [1st Dept 2000] [emphasis in original]). In other words, "[a] proposed amended complaint that would be subject to dismissal *as a matter of law* is, by definition, 'palpably insufficient or clearly devoid of merit' and thus should not be permitted under CPLR 3025" (*Olam Corp.*, 2021 NY Slip Op 30345[U], *3-4 [emphasis in original]). Simply put, Fidessa is not correct that the proposed Second Amended and Supplemental Complaint (the **SAC**) is palpably insufficient or utterly devoid of merit as a matter of law. The additional allegations in the SAC, including the December 30, 2022 e-mail from Kunal Gullapalli, are relevant and bolster S3's allegations as to nature of Fidessa's second tranche investment – *i.e.*, that Fidessa viewed it as an investment and not a loan (ex D [NYSCEF Doc No. 86] to affirmation of A.J. Monaco, Esq. in support [NYSCEF Doc No. 82]). In addition, paragraphs 70 and 89 of the SAC include more detailed allegations regarding the harm Fidessa's alleged breach caused to S3's operations and the ensuing efforts and expenditures incurred obtain replacement financing in August 2023. Thus, the motion must be granted.

The Court has considered Fidessa's remaining arguments and finds them unavailing.

Accordingly, it is hereby

ORDERED that defendant Fidessa's motion to strike, pursuant to CPLR 3024(b), and for reimbursement of costs and fees, pursuant to 22 NYCRR Section 130-1.1, is denied; and it is further

**653132/2023   S3 PARTNERS, LLC vs. FIDESSA CORPORATION**
**Motion No.  001 004 006**

**Page 9 of 10**

9 of 10

ORDERED that defendant Fidessa's motion to dismiss plaintiff S3's AC is denied; and it is further

ORDERED that plaintiff S3's motion for leave to amend the amended complaint is granted, and that the SAC shall be deemed served upon service of a copy of the decision and order with notice of entry thereof; and it is further

ORDERED that defendant Fidessa shall serve an answer to the SAC or otherwise respond thereto within 20 days from the date of said service; and it is further

ORDERED that counsel are directed to appear for a preliminary conference in Room 238 of this Court, at 60 Centre Street, on April 15, 2024, at 11:30am.

20240408112912ADORROK448F8121479C482E91201CD5B15FFBE2

_____
**4/8/2024**
**DATE**

_____
**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653132/2023   S3 PARTNERS, LLC vs. FIDESSA CORPORATION**
**Motion No.  001 004 006**

Page 10 of 10

10 of 10