D'Arata v New York City Dept. of Health & Mental Hygiene (2024 NY Slip Op 02142)

D'Arata v New York City Dept. of Health & Mental Hygiene

2024 NY Slip Op 02142

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 101239/22 Appeal No. 2120 Case No. 2023-03921 

[*1]Vincent D'Arata, Plaintiff-Appellant,
v
New York City Department of Health and Mental Hygiene, Defendant-Respondent.

Vincent D'Arata, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Philip W. Young of counsel), for respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered June 30, 2023, which granted defendant's motion to dismiss the action pursuant to CPLR 3211(a)(5), unanimously affirmed, without costs.
This action by plaintiff seemingly challenges an administrative determination by defendant not to assess health violations against plaintiff's landlord in connection with plaintiff's "311" complaints of a pigeon infestation on the exterior of his apartment building. Plaintiff claims the alleged pigeon nuisance renders the premises unsanitary and has caused him to suffer physical ailments. He contends that his photographic evidence and verified allegations establish the unabated pigeon nuisance, and that defendant's inspection records, which address the complaints and found them unsubstantiated, were "falsified" or negligently prepared. Plaintiff alleges defendant made its determination on May 27, 2021 to formally close its consideration of his pigeon-nuisance complaints.
To the extent plaintiff's complaint seeks review of defendant's determination, the motion court correctly held the rules of CPLR article 78, including its applicable four-month limitations period, governs the controversy (see CPLR 217[1]; New York Civ. Liberties Union v State of New York, 4 NY3d 175, 183-184 [2005]; Lieblich v Teachers' Retirement Sys. of the City of N.Y., 181 AD3d 519 [1st Dept 2020]). The applicable four-month statute of limitations begins to accrue once an administrative determination is "final and binding" (CPLR 217[1]; Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]). Plaintiff's commencement of the instant action in December 2022, approximately 18 months after he received defendant's notice in May 2021, is untimely.
Even if the action were to be converted into an article 78 special proceeding in the interest of justice (see CPLR 103[3]; Matter of Scarano v City of New York, 86 AD3d 444 [1st Dept 2011], appeal dismissed 17 NY3d 901 [2011]), and plaintiff's allegations construed as seeking a review of defendant's determination pursuant to an arbitrary and capricious standard (see CPLR 7803[3]), the four-month limitations provision (CPLR 217[1]) would still apply (see Matter of LaSonde v Seabrook, 89 AD3d 132, 139 [1st Dept 2011]). Insofar as plaintiff's allegations could also be construed as seeking a writ of mandamus to compel defendant to find the alleged pigeon infestation supported grounds for issuance of health and nuisance violations, such allegations would fail to state a claim as "mandamus does not lie to enforce the performance of a duty that is discretionary, as opposed to ministerial" (New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]). Plaintiff has not demonstrated that he has a "clear right" to the relief sought and that defendant has "a corresponding nondiscretionary duty . . . to grant that relief" (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757 [1991]).[*2]
Plaintiff's argument that the instant action is actually a timely commenced "personal injury" action is unpersuasive. Plaintiff has not demonstrated that he has a viable negligence claim as the verified complaint offers no factual allegations that would support a claim that defendant's alleged inaction caused his 2020 illness. Moreover, no allegations are offered showing defendant owed plaintiff a special duty above and beyond the general duty owed to the public (see Ferreira v City of Binghamton, 38 NY3d 298, 309-310 [2022]).
As to plaintiff's allegations that defendant engaged in fraud in its investigation and disposition of his nuisance complaints, such allegations have not been pled with the requisite particularity (see CPLR 3016[b]; Ferro Fabricators, Inc. v 1807-1811 Park Ave. Dev. Corp., 127 AD3d 479, 480 [1st Dept 2015]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024